## UNITED FEDERAL WORKERS OF AMERICA (C. I. O.) et al. v. MITCHELL et al.
### Civil Action No. 24007.

District Court of the United States for the District of Columbia.

Aug. 3, 1944.

Lee Pressman, of Washington, D.C., for plaintiffs.

Joseph M. Friedman, Sp. Asst. to Atty. Gen. (Francis M. Shea, Asst. Atty. Gen., Edward M. Curran, U. S. Atty., of Washington, D. C., and Tobias G. Klinger, of Cleveland, Ohio, and Jess G. Schiffmann, of New York City, on the brief), for defendants.

Before GRONER, Chief Justice, United. States Court of Appeals, District of Columbia, and BAILEY and MORRIS, Justices.

BAILEY, Justice.

This is an action brought to declare invalid, as in contravention of the Constitution of the United States, the second sentence of Section 9(a) of the Act of August 2, 1939, as amended, popularly known as the Hatch Act, 18 U.S.C.A. § 61h(a), 53 Stat. 1147, 1148, 54 Stat. 767, 56 Stat. 181, and to enjoin the defendants, members of the United States Civil Service Commission, "from enforcing, threatening to enforce, or otherwise acting" pursuant to that provision. Defendants have moved to dismiss the action and for summary judgment, the motion being accompanied by affidavit.

The following are the pertinent statutes and regulations:

Section 9(a) of the Hatch Act is as follows:

"It shall be unlawful for any person employed in the executive branch of the Federal Government, or any agency or department thereof, to use his official authority or influence for the purpose of interfering with an election or affecting the result thereof. No officer or employee in the executive branch of the Federal Government, or any agency or department thereof, except a part-time officer or part-time employee without compensation or with nominal compensation serving in connection with the existing war effort, other than in any capacity relating to the procurement or manufacture of war material shall take any active part in political management or in political campaigns. All such persons shall retain the right to vote as they may choose and to express their opinions on all political subjects and candidates. For the purposes of this section the term 'officer' or 'employee' shall not be construed to include (1) the President and Vice President of the United States; (2) persons whose compensation is paid from the appropriation for the office of the President; (3) heads and assistant heads of executive departments; (4) officers who are appointed by the President, by and with the advice and consent of the Senate, and who determine policies to be pursued by the United States in its relations with foreign powers or in the Nation-wide administration of Federal Laws."

Section 9(b) of the Hatch Act is as follows:

'Any person violating the provisions of this section shall be immediately removed from the position or office held by him, and thereafter no part of the funds appropriated by any Act of Congress for such position or office shall be used to pay the compensation of such person."

Section 15 of the Hatch Act is as follows:

"The provisions of this subchapter which prohibit persons to whom such provisions apply from taking any active part in political management or in political campaigns shall be deemed to prohibit the same activities on the part of such persons as the United States Civil Service Commission has heretofore determined are at the time this section takes effect prohibited on the part of employees in the classified civil service of the United States by the provisions of the civil-service rules prohibiting such employees from taking any active part in political management or in political campaigns." 18 U.S.C.A. § 61o, 54 Stat. 767.

Section 18 of the Hatch Act is as follows:

"Nothing in the second sentence of section 9 (a) * * * shall be construed to prevent or prohibit any person subject to the provisions of this subchapter from engaging in any political activity (1) in connection with any election and the preceding campaign if none of the candidates is to be nominated or elected at such election as representing a party any of whose candidates for presidential elector received votes in the last preceding election at which presidential electors were selected, or (2) in connection with any question which is not specifically identified with any National or State political party. For the purposes of this section, questions relating to constitutional amendments, referendums, approval of municipal ordinances, and others of a similar character, shall not be deemed to be specifically identified with any National or State political party." 18 U.S. C.A. § 61r, 54 Stat. 767.

Revised Statutes, § 1753, 5 U.S.C.A. § 631, contains the following provision:

"The President is authorized to prescribe such regulations for the admission of persons into the civil service of the United States as may best promote the efficiency thereof, and ascertain the fitness of each candidate in respect to age, health, character, knowledge, and ability for the branch of service into which he seeks to enter * * * and may * * * estab-

lish regulations for the conduct of persons who may receive appointments in the civil service."

In the exercise of power conferred by R. S. § 1753, and by the Civil Service Act, 5 U.S.C.A. § 632 et seq., the President has promulgated a number of Civil Service Rules. Civil Service Rule I is as follows:

"No person in the executive civil service shall use his official authority or influence for the purpose of interfering with an election or affecting the results thereof. Persons who by the provisions of these rules are in the competitive classified service, while retaining the right to vote as they please and to express their opinions on all political subjects, shall take no active part in political management or in political campaigns." . 5 C.F.R. 1943 Cum.Supp., 1.1.

Civil Service Rule XV is as follows:

"Whenever the Commission finds, after due notice and opportunity for explanation, that any person has been appointed to or is holding any position, whether by original appointment, promotion, assignment, transfer, or reinstatement, in violation of the Civil Service Act or Rules, or of any Executive Order or any regulation of the Commission, or that any employee subject thereto has violated such act, rules, orders, or regulations, it shall certify the facts to the proper appointing officer with specific instructions as to discipline or dismissal of the person or employee affected. If the appointing officer fails to carry out the instruction of the Commission within 10 days after receipt thereof, the Commission shall certify the facts to the proper disbursing and auditing officers, and such officers shall make no payment or allowance of the salary or wages of any such person or employee thereafter accruing." Executive Order No. 8705, March 5, 1941. 5 C.F.R.1943 Cum.Supp., 15.1.

This action is brought by the United Federal Workers of America, an unincorporated labor union composed of employees of the United States Government, and 12 individual plaintiffs, each of whom occupies a position in the Federal government under the classified civil service. The defendants are the duly appointed and acting members of the United States Civil Service Commission.

The plaintiff union asserts that it has "an interest in protecting and restoring the rights of its membership" and that it brings this action "as a representative of, and on behalf of, all of its members, including those who have not specifically joined in suing individually, who are subject to the provisions of the second sentence of Section 9 (a) of the Hatch Act."

The plaintiffs charge that if they engage in the activities forbidden by Section 9 (a) of the Hatch Act the defendants will cause them to be dismissed; that plaintiff Poole has already conducted political activities in violation of said Section 9(a), and that the defendants have already commenced proceedings for his dismissal from the employ of the United States.

The defendants contend that neither plaintiff union nor the individual plaintiffs can maintain this action; that it is not claimed that the Union is prevented from engaging in any political activity; that a union does not stand in a position where it can assert the individual rights of its members; that the plaintiffs, other than Poole, have only hypothetical issues, and that they are not hurt because they have done nothing in violation of the Act.

Whether or not the union can maintain this action in a representative capacity the individual plaintiffs are in a different situation. The mere existence of the statute, saying that they shall not engage in political activity, the penalty in the statute that they shall be dismissed if they do, and the warning addressed to them by the Civil Service Commission in their posters certainly prevent them from engaging in such activity, if the statute is constitutional. If the statute is unconstitutional, they are being prevented from things which they have the right to do. If the statute is constitutional, it is mandatory that they be dismissed for doing such things. As to the plaintiff Poole, he has done the things denounced by the statute. If the Act is valid, dismissal is mandatory. There is no need for him to follow further administrative procedures. The provisions of Civil Service Rule XV that in case of any violation of the Civil Service Act or Rules or of any Executive Order or any regulation of the Commission the Commission shall certify the facts to the proper appointing officer with specific instructions as to discipline or dismissal is now controlled by the provisions of the Hatch Act that in case of violation of Section 9(a) of that Act, dismissal is mandatory.

We are of the opinion, therefore, that the individual plaintiffs have such an interest as to give them the right to maintain this suit.

The defendants further contend that the Civil Service Commission has no responsibility under the law to enforce the Hatch Act, and, therefore, no action can be maintained against them (except as to their own employees, of whom none are parties in this case) in which the constitutionality of the Hatch Act can be determined. It is true that the Hatch Act does not specifically charge the Civil Service Commission with the enforcement of the particular provision here involved. The situation is this: Revised Statutes, § 1753, 5 U.S.C.A. § 631, authorizes the President to prescribe regulations for the conduct of persons who may receive appointments in the Civil Service. Pursuant to that authority, Rule I, Section 1, was promulgated by Executive Order, providing, among other things:

"Persons who by the provisions of these rules are in competitive classified service, while retaining the right to vote as they please and to express privately their opinions on all political subjects, shall take no active part in political management or in political campaigns."

By Rule XV, it is provided that, if the Commission finds that any person is holding a position in violation of the Civil Service Act, or the rules promulgated thereunder, or in violation of any Executive Order, or any regulations of the Commission, or that any employee subject to such act, rules, orders, or regulations is taking active part in political management or political campaigns, after notice to the person affected and opportunity for explanation, it shall certify the facts to the proper appointing officer with specific recommendation for *discipline* or *dismissal*. In the event of any continued violation for ten days after such recommendation, the Commission shall certify the facts to the proper disbursing and auditing officers, and such officers shall not pay or allow the salary or wages of such person thereafter accruing.

The second sentence of the above-quoted Section 9(a) of the Hatch Act provides:

"No officer or employee in the executive branch of the Federal Government, or any agency or department thereof, except a part-time officer or part-time employee without compensation or with nominal compensation serving in connection with the existing war effort, other than in any capacity relating to the procurement or manufacture of war material shall take any active part in political management or in political campaigns."

It is this sentence which the plaintiffs claim to be unconstitutional.

It will be seen that the Congress here applies to all governmental employees, except those expressly excepted, the same rule of conduct respecting active participation in political campaigns and management as that which had theretofore applied only to Civil Service classified employees, with the exception that the word "privately" in the former Civil Service Rule was eliminated. It will also be observed that the penalty for such action is dismissal rather than as had theretofore in the Civil Service Rules been discipline or dismissal. It is significant that, after the enactment of the Hatch Act, the Civil Service Commission Rule 1 was altered to bring it into conformity with that Act by also eliminating the word "privately," and this was done, as stated in the Commission's brief, at page 15:

"As a matter of fact, rather than Civil Service Rules I and XV being incorporated into the Hatch Act, the Hatch Act has compelled changes in the Rules."

It is true that there is no statement in the Hatch Act that Rule I of the Civil Service Commission is incorporated in Section 9(a), but it is also true that the very words of that rule, with the exception of the word "privately," are the words of Section 9(a). It has been recognized by the Executive Departments, pursuant to an opinion of the Attorney General, dated June 8, 1941, that by virtue of the Hatch Act the penalty for all employees, both classified and those not classified, is dismissal and not as theretofore provided respecting classified employees in Rule XV of the Civil Service Commission discipline or dismissal. It is argued by the Commission in its brief that the enforcement of the Hatch Act in this regard lies with the appointing authority having jurisdiction of the particular employee, namely, the head of a department or independent agency. This seems to be in accordance with the broad language in an opinion of the Attorney General, dated July 22, 1940, 39 Op. Atty.Gen. 462. It will be noted that this opinion was prior to the Opinion of the Attorney General, first above referred to, and it will also be noted that there is no discussion of any difference of enforcement as to classified employees and those not classified.

Our conclusion is that the Congress moved into the field which had previously only been partially occupied by the rules of the Civil Service Commission, and which were applicable only to classified employees; that the Congress superseded the rules insofar as conduct is concerned, and made such rules applicable alike to both classified and unclassified employees; that Congress left the matter of enforcement of such rules of conduct where it found it, namely, that the Civil Service Commission, under rules of conduct which must be brought into accord with the Act of Congress, still retain the duty to enforce the proper penalty with respect to classified employees as they had theretofore had the power to do; and that the appointing authorities, namely, the heads of departments and independent agencies, who before the enactment of the Hatch Act were responsible for disciplinary measures, including dismissal, of employees not classified, remain charged with the duty of enforcement of such discipline, including dismissal, only they are required to apply the rules of conduct and disciplinary measures set forth in the Hatch Act. Viewed in this light, it seems clear that the Hatch Act, insofar as it is here involved, determines what the rules of the Civil Service Commission should be and what disciplinary penalties should be imposed upon a classified employee without disturbing the existing authority of the Commission to visit such punishment upon a classified employee. If this be so, the individual plaintiffs in this cause and the Civil Service Commission have a very real concern and controversy as to the validity of the provisions of the Hatch Act here involved. We hold, therefore, that this suit is properly brought against the defendants.

Plaintiffs claim that the second sentence of Section 9(a) of the Hatch Act is unconstitutional in that it violates fundamental rights of the plaintiffs guaranteed by the First Amendment to the Constitution, providing that "Congress shall make no law * * * abridging * * * freedom of speech, or of the press; or of the right of the people peaceably to assemble" and that it deprives plaintiffs of liberty and property without due process of law in violation of the Fifth Amendment to the Constitution, and that it disparages and denies to the plaintiffs' fundamental right to engage in political activity reserved to the people by the Ninth and Tenth Amendments.

From the earliest times there have been certain restrictions respecting those who hold office or employment in the Government. President Jefferson in 1801 made the following order:

The President of the United States has seen with dissatisfaction officers of the General Government taking on various occasions active parts in elections of the public functionaries, whether of the General or of the State Governments. Freedom of elections being essential to the mutual independence of governments and of the different branches of the same government, so vitally cherished by most of our constitutions, it is deemed improper for officers depending on the Executive of the Union to attempt to control or influence the free exercise of the elective right. This I am instructed, therefore, to notify to all officers within my Department holding their appointments under the authority of the President directly, and to desire them to notify to all subordinate to them. The right of any officer to give his vote at elections as a qualified citizen is not meant to be restrained, nor, however given, shall it have any effect to his prejudice; but it is expected that he will not attempt to influence the votes of others nor take any part in the business of electioneering, that being deemed inconsistent with the spirit of the Constitution and his duties to it.

■ There has been a strong development toward safeguarding employees of the Government from insecurity attributable to political affiliation. While that has been accomplished to a much greater degree with respect to those occupying classified positions under the Civil Service, there is, nonetheless, a definite objective toward securing and keeping employees not in the classified service on the basis of merit rather than because of political activities on their part. As the Hatch Act has sought to extend to those latter much of the same protection theretofore afforded to classified employees, so it has imposed upon them the same restrictions heretofore recognized to be proper respecting classified employees. And in the instant discussion it is not to be lost sight of that the individual plaintiffs are all classified employees. The legislation here under consideration does not seek to take away from a Government employee his right to vote, nor his right to express his opinion on all political subjects. It does undertake to preclude him from taking any active part in political management,

or in political campaigns, and by that is meant activities particularly defined by the Civil Service Commission (Section 15 of the Hatch Act). In the debates leading up to the passage of the Hatch Act much was said about the limitation on the constitutional rights of those employees who were made subject to the Act. Most that was said was by those who considered the legislation to be an infringement of such rights. There can, therefore, be no doubt that it was the considered judgment of the Congress and of the President that the legislation was not such an infringement.

■ To say that the Congress has not the power to pass this legislation in the public interest, and in the interest of the employees of the Government whose tenure it is seeking to protect, is to say that it is not rational for the Congress to conclude that it cannot take political activity out of the employment, promotion and dismissal of Government employees without at the same time taking Government employees out of political activity. This is a question for the Congress, and not the courts, to decide.

■ The plaintiffs challenge the legislation as being unreasonably discriminatory between the employees who come within the Act and certain employees excepted therefrom. First, the employees covered by the Act as compared with persons whose compensation is paid from appropriation for the office of the President, heads and assistant heads of Executive Departments, officers who are appointed by the President by and with the advice and consent of the Senate, and who determine policies to be pursued by the United States in its relation with foreign powers, or in the Nation-wide administration of Federal laws. It is perfectly obvious that these classes of employees are in very large measure political. No one supposes that they would not change with the changing of administrations. There is no need nor desire to protect them from political activity, and hence there is no corresponding occasion to restrict such activity on their part.

Section 18 of the Act provides that political activity shall not include certain elections where there are no candidates of a party whose electors have been voted for in a presidential election, nor an election in connection with any question which is not specifically identified with a national or state political party. Thus restriction is eliminated as to elections relating to constitutional amendments, referendums, approval of municipal ordinances and others of a similar character.

■ An amendment to the Act, which has application to certain state employees where the funds supporting the activity or institution with which they are connected are supplied in whole or in part by the Federal Government, exempts "any officer or employee of any educational or research institution, establishment, agency, or system which is supported in whole or in part by any State or political subdivision thereof, or by the District of Columbia or by any Territory or Territorial possession of the United States; or by any recognized religious, philanthropic, or cultural organization." 18 U.S.C.A. § 61u. It is clear that this exemption deals primarily with teachers, though no doubt other types of work come within such exempting provisions. To deny to Congress the power to make this classification is to say that the Congress may not rationally conclude that, while it should lay restrictions upon the political activity of Government employees generally, it should not do so where the duties of their work are such as to require acts which come within the general interdiction. Certainly the classification is not unreasonable viewed in the light of the objective of the legislation.

■ A further exemption by amendment relates to the participation of Federal employees residing in municipalities or other political subdivisions adjacent to the District of Columbia insofar as local campaigns and elections are concerned. The reasonableness of these classifications seem too obvious to require discussion to show that there is no arbitrary discrimination such as would invalidate the legislation.

■ All in all, we can see no sound reason for a conclusion that the second sentence of Section 9(a) of the Hatch Act is repugnant to the Constitution.

The motion of the defendants for summary judgment should be sustained and the complaint dismissed.