[S. F. No. 21218.    In Bank.    May 28, 1964.]

WILLIAM J. KINNEAR, Plaintiff and Respondent, v. CITY AND COUNTY OF SAN FRANCISCO, Defendant and Appellant.

Thomas M. O'Connor, City Attorney, and R. J. Reynolds, Deputy City Attorney, for Defendant and Appellant.

James D. Hadfield and Leo Fried for Plaintiff and Respondent.

GIBSON, C. J.—Plaintiff, who held a permanent civil service position as a deputy in the sheriff's department of the City and County of San Francisco, filed on September 16, 1959, a declaration of candidacy for election to the office of Sheriff of San Francisco, and he was notified on the same day by the Civil Service Commission that as a result of his filing for the office of sheriff his position was automatically forfeited under section 5 of the San Francisco Charter. A few days later he withdrew his accumulated contributions to the retirement fund, and this action was filed one year after his dismissal.

Section 5 of the charter provides: "Any appointive officer or employee of the city and county who shall become a candidate for election by the people to any public office shall automatically forfeit such city and county office or position."

The trial court concluded that section 5 is unconstitutional, ordered that plaintiff be restored to his position, and awarded him damages in an amount representing the difference between the compensation he would have received if not dismissed and his earnings from other employment after dismissal.

We find untenable defendant's contention that plaintiff is barred from relief by laches or estoppel. In accordance with defendant's representation to plaintiff that the forfeiture of his position was automatic under section 5 of the charter, the trial court found that plaintiff believed and was entitled to believe that the section was self-executing. Plaintiff's belief was shared by the framers of the charter, the people who adopted it, and the officials of defendant who enforced it, and under all the circumstances we cannot properly hold that the trial court erred in finding that the delay of one year in bringing the action was not unreasonable.

A determination as to whether section 5 of the charter is an unconstitutional abridgment of a fundamental right is

governed by the principles discussed in *Fort* v. *Civil Service Commission of the County of Alameda, ante,* p. 331 [38 Cal. Rptr. 625, 392 P.2d 385]. We there held unconstitutional for over-breadth and uncertainty a charter provision which restricted nonpartisan as well as partisan political activities and applied not only to county elections but to all elections, and which was not narrowly drawn but was framed in general and uncertain terms that excepted only the right to vote and to express opinions privately. Although the San Francisco Charter provision is not uncertain and is directed solely to the activity of seeking public office, it is no less subject to the criticism that it relates alike to all public offices, whether they be partisan or nonpartisan in character and whether they be San Francisco offices or national or state offices. San Francisco has not, as it must in order to prevail, shown a compelling need to restrict the fundamental right involved on such a sweeping scale.[1]

Here, as in *Fort,* no language can be severed from the provision to limit its operation, and the only way in which a limitation could be attempted is by rewriting the provision in a manner which courts cannot reasonably be expected to undertake. Section 5 of the charter must fall in its entirety regardless of whether a provision could be constitutionally drawn to deal with the particular factual situation in this case, i.e., one in which a person runs for office against his own superior.

It follows that plaintiff is entitled to reinstatement. █ Defendant nevertheless contends that the award of differential damages made by the trial court was improper. The correctness of the sum awarded ($6,368.28, plus any differential accruing after the date of judgment) is not disputed, but it is asserted that the evidence is insufficient to support any award of damages because under San Francisco's charter funds must be available before expenditures can be made, absence of a showing that funds were available for the purpose. Defendant relies in this connection on the case of *Tevis* v. *City & County of San Francisco* (1954) 43 Cal.2d 190, 200 [272 P.2d 757], which held that officials could not be compelled by mandamus to make payment of back salaries in the

---

[1]In the state legislation enacted in 1963 which regulates political activities by local public employees and is applicable to San Francisco, the right to run for office is not restricted in any way, even as to local or partisan offices. (Stats. 1963, ch. 2000, pp. 4078-4080; Gov. Code, §§ 3201-3205.)

absence of a showing that funds were available for the purpose. However, as that case recognizes, such a showing is not a prerequisite to a judgment which, like the one here, is a money judgment against the city and does not command any particular official to make payment.

The judgment is affirmed.

Traynor, J., Schauer, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.