**Doyle WILLIS, Appellant,**

v.

**CITY OF FORT WORTH et al., Appellees.**

No. 16581.

Court of Civil Appeals of Texas.

Fort Worth.

July 10, 1964.

Rehearing Denied July 17, 1964.

See also (Tex.Sup.) 380 S.W.2d 814.

Kenneth Spell, Fannin & Fannin, and Oliver W. Fannin, Jr., Fort Worth, for appellant.

S. G. Johndroe, Jr., City Atty., Fort Worth, for appellees.

**PER CURIAM.**

Appellant, Doyle Willis, was duly elected a member of the City Council of the City of Fort Worth, an appellee herein, along with eight other individuals, who are also appellees herein. The City is a home Rule City which adopted the council-city manager form of government. The term of office of a city councilman is two years. On date of February 3, 1964, there remained more than one year of the term for which appellant and other council members were elected.

On said date, the other eight City Councilmen took action of which appellant complains. On the theory that by reason of appellant's having become a candidate for State Senator he had vacated his office as Councilman, under a provision of the Charter of the City of Fort Worth, they excluded him as a member of City Council. They appointed Watt Kemble (also an appellee herein) to sit as a member of such governing body in the place and stead of appellant and for the remainder of the term for which he had been elected. At the time this occurred, the appellant was publicly insisting that he was lawfully a candidate for the State Senate. Concurrently, appellant was likewise insisting that since the aforesaid provision of the Charter of the City was ineffective (because inhibited by or in conflict with Constitutional provisions), he was lawfully entitled to continue as a member of the City Council.

At all times appellant has contended his "ouster" to be illegal and ineffective, and that the purported successor to his position as a Council member was illegally presuming to fill such office. He brought suit to have it so established.

April 1, 1964 (while such suit pended), the Supreme Court of Texas handed down its judgment and opinion in Willis v. Potts, 377 S.W.2d 622. Thereby it was settled judicially that appellant herein was not *lawfully* a candidate for the State Senate. Appellant had filed as a candidate for the Democratic Party's nomination as State Senator.

the election to determine which was scheduled on May 2, 1964. On March 6, 1964, William S. Potts, as Chairman of the Tarrant County Democratic Executive Committee, served notice upon appellant that he would not be certified as a candidate for such office and that his name would not be placed on the ballot for such primary election. Appellant took prompt legal action in respect to that matter. It was as the result thereof that the case found its way to the Supreme Court and resulted in the determination that appellant was not *lawfully* a candidate for the State Senate and that Mr. Potts' action was proper.

Appellant yielded to such judicial determination. Thereafter, as applied to the issues in the instant case, he added to his antecedent contentions a new one, towit: that he had never become a candidate for the office of State Senator. As authority he cites the Supreme Court opinion in Willis v. Potts, supra.

On motion of the appellees for summary judgment, the decision in the trial court was against appellant. Propriety of his "ouster" as a member of Fort Worth's City Council was confirmed. From this decision he perfected an appeal.

Judgment affirmed.

The basis of appellant's complaint requires this appellate court to determine two fundamental questions. The first of such questions is whether the pertinent provision of the Charter of the City of Fort Worth is valid under the Federal and State Constitutions. The second question, assuming the first is answered in the affirmative, is whether the appellant was a "candidate" within the meaning and intent of the Charter at the time of the "ouster" of which he complains. If both questions are properly answered in the affirmative, the judgment of the trial court should not be disturbed. We believe both questions should be so answered.

Appellant asserts as unconstitutional the provision in the Charter of the City of Fort Worth which reads as follows: " * * * If a member of the Council shall become a candidate for nomination or election to any public office, other than that of Councilman, he shall immediately forfeit his place in the Council. * * * "

The portions of the Constitutions to which appellant makes reference are numerous. In the United States Constitution he refers to Art. IV, Sec. IV; to the first article of the Bill of Rights; and to the Fourteenth Amendment. In the Texas Constitution he refers to our Bill of Rights, or Art. I, Secs. 2, 3, 19, 27 and 29; to Art. XVI, Sec. 17; and to Sec. 40 under the same Article.

■ We could write at length, but believe it sufficient to say that we find nothing in either the Federal or State Constitutions which expressly or impliedly would prohibit efficacy of the quoted Charter provision, or which would inhibit its enforcement. Therefore, if the appellant did become "a candidate for nomination or election" to the office of State Senator, a public office, his right to retain his place in the Council of the City of Fort Worth ceased upon action taken to have the fact so declared, coupled with action of the remaining members of the Council to fill the vacancy by installing Watt Kemble as Council Member in his place and stead.

Appellant relies heavily on the opinion of the Supreme Court of California, filed May 28, 1964, in Kinnear v. City and County of San Francisco, 38 Cal.Rptr. 631, 392 P.2d 391. Therein was affirmed the decision of the trial court and that of the District Court of Appeal (dated November 12, 1963), reported as Kinnear v. City and County of San Francisco, 35 Cal.Rptr. 43. It appears that an appointive officer, a Deputy Sheriff, was relieved of his county civil service job when he became a candidate for Sheriff. The provision of the City and County charter, under authority of which he was relieved of his office, provided as follows: " 'Any appointive officer or employee of the city and county who shall become a candi-

date for election by the people to any public office shall automatically forfeit such city and county office or position.'"

The holding of all California courts acting in the matter was that the stated provision was invalid and unconstitutional as an unwarranted interference with and abridgment of fundamental and basic rights of citizenship. We have referred to the decision of the intermediate court as well as that of the Supreme Court. This done, we immediately note a point of divergence from the instant situation in that while a California municipality may make and enforce all laws and regulations in respect to municipal affairs, it is not free to do so in other matters, such as the matter with which it purported to deal in the enactment of the portion of the City and County Charter which we have quoted. In that respect the subject matter was held to have been "of state concern" and therefore without privilege of control by a city and county charter. It was under the Constitution of California that it was held that the candidate's discharge as Deputy Sheriff was improper and unlawful, the charter provision being in conflict therewith.

What is not a point of divergence is what is said concerning conflict with the United States Constitution. It is noted that all that was said in this respect was by the intermediate California appellate court. The California Supreme Court was entirely silent. We reject the statements and decision thereupon predicated by the intermediate court. As previously stated, we see nothing in the Federal Constitution prohibitive or inhibitive of the material provision of the Charter of the City of Fort Worth.

■ We have no doubt but that the appellant was a candidate for State Senator on February 3, 1964. In Norris v. United States, 86 F.2d 379 (8th Cir.1936), a defendant was predicating an assertion of innocence to a perjury charge upon the claim that he never engaged in a campaign for public office; for the simple reason that the ruling of the Nebraska Supreme Court prevented the placing of his name on the ballot. It was conceded that he intended to conduct a campaign for United States Senator, after having filed his application and certificate, as the party nominee to be selected pursuant to election voted August 12, 1930. He had filed his application with the proper state officer on July 5 of that year, only some 38 days prior to the date of the primary election. Under state statute it was required that all such applications must be filed not less than 40 days before such primary election. By a judgment of July 18, 1930, the Supreme Court of Nebraska held that his application was untimely filed and ordered that his name should not be put on the ballot. The Court wrote (p. 382): "When appellant filed his application for a place on the ticket to be voted at the primary election, he became in effect a candidate for the office of United States Senator from Nebraska, for by that public act he expressed his desire for the office and his willingness to accept it. This desire and willingness he never voluntarily renounced. He was running for office; he was a candidate for office * * * at least from July 5, 1930, when he filed his verified application, till July 18, 1930, when the Supreme Court of Nebraska ordered that his name be omitted from the ticket."

This language of the Circuit Court could be easily paraphrased so as to make it fit the condition of the appellant in the instant case. All that needs be changed are the dates to comport with those applicable to his case and the title of the office to that of State Senator. Appellant was a "candidate" within the meaning and import of the Charter of the City of Fort Worth, as well as within the ordinary meaning of the English language.

In respect to the matter of appellant's candidacy for State Senator, we do not think it material whether he was eligible or ineligible for the office, to be a candidate for the office, or to have his name printed on the ballot. The Charter of the City of Fort Worth does not make any exception.

■ It was a matter both time consuming and expensive to determine the legality or illegality of appellant's candidacy. Furthermore, it required that some party with a justiciable interest challenge the validity thereof. For the purposes of the instant litigation, at least, it would be proper to consider the matter of appellant's candidacy for State Senator, as of the day of his "ouster" from City Council, exactly as it was treated and represented by appellant himself, i. e., as a valid, lawful and proper candidacy. That was the material time. That his candidacy was subject to being prevented, through action of person or persons having a justiciable interest, was necessarily determinable, if at all, at a later date. The City of Fort Worth had no justiciable interest in that case. Had the City sought to question the propriety thereof by court action, its suit would have been subject to dismissal. Although we have grave doubt of propriety in the instant appeal of even considering appellant's ineligibility to be a candidate for State Senator we have done so. As noted, we deem that matter immaterial.

Judgment is affirmed.