**STERBENZ v. CITY OF MIAMI.**

No. 66-C-2034.

Circuit Court, Dade County.

December 13, 1966.

S. R. Sterbenz, Miami, in propria persona.

Jack R. Rice, Jr., Assistant City Attorney, for the defendant.

HENRY L. BALABAN, Circuit Judge.

*Summary final decree:* This cause came before the court on the motion of the plaintiff for a summary final decree. The defendant also moved for a summary final decree.

The court finds that there is no genuine issue as to any material fact and that the plaintiff is entitled to a summary final decree as a matter of law.

Plaintiff brought this suit for a declaratory decree praying that the following portion of section 69 of the charter of the city of Miami, chapter 10847, Acts of 1925, as amended (hereinafter referred to as "section 69") —

> . . . No officer or employee of the City shall directly or indirectly solicit or receive or be in any manner concerned in soliciting or receiving any assessment, subscription, or contribution for any political party or any political purpose whatever. No person holding a position in the classified service shall take part in political management or affairs in political campaigns further than to cast his vote or express privately his opinion;

and section 2 of rule XVII of city of Miami ordinance no. 6945 adopted on November 15, 1961 (hereinafter referred to as "rule XVII") which, word for word, is exactly the same as the above portion of section 69; be declared void, unconstitutional, ineffective and without force of law; that plaintiff is not required to comply with the terms and provisions thereof; and that the defendant, its officers, agents and employees, be permanently restrained and enjoined from exercising any powers, rights or duties respecting the enforcement of same against the plaintiff.

Plaintiff contends, inter alia, that section 69 and rule XVII are in violation of the provisions of the first amendment to the constitution of the United States and section 2 of the declaration of rights of the Florida constitution, and further have been rendered invalid as a result of the deletion of the following provision from section 4(c) of the city of Miami charter by a 1965 amendment to same —

> Commissioners and other officers and employees shall not hold any other public office or employment except in the National Guard;

and further that they illegally discriminate between elective and non-elective city of Miami officials and employees because section 4(f) of the charter, as amended in 1959, allows elected Miami officials to run for another elective office without such prohibitory charter or ordinance restraints.

The applicable portion of section 4(f) of the charter states —

> If any mayor or commissioner elected under the provisions of this Act desires to run for some elective office other than the mayor or city commissioner then under such circumstances he shall not be required to resign his City office unless and until he has been elected to such other elective office. In the event that such mayor or commissioner is elected to such other elective office other than that of mayor or commissioner he shall immediately resign his office as mayor or commissioner and upon his failure or refusal to do so he shall be discharged and ousted from his office and said office declared vacant by a majority vote of the remaining members of the city commission.

All the above contentions of the plaintiff appear to have merit. Because, however, section 69 and rule XVII are so fundamentally in violation of the free speech and related rights guaranteed by the first amendment to the federal constitution, it will not be necessary to determine or to discuss the relative merits of the plaintiff's other contentions.

The constitutionality of a statutory provision almost exactly the same as section 69 and rule XVII has been determined by the Supreme Court of California in Fort v. Civil Service Commission of County of Alameda, 1964, 38 Cal. Rptr. 625, 392 P. 2d 385. Basing its decision on the first amendment to the United States constitution, the Supreme Court of California held the statute invalid.

Although not binding on Florida courts, the Fort case and a companion case, Kinnear v. City and County of San Francisco, 1964, 38 Cal. Rptr. 631, 392 P. 2d 391, in exhaustively discussing the constitutionality of similar civil service provisions, provide ample precedent for the determination by this court that the second sentences of section 69 and rule XVII are invalid.

The first sentence of both section 69 and rule XVII deal with the solicitation or receipt of contributions for political purposes. In the nomination and election of candidates to elective office, the possibility of contributions to the campaign of such candidates is fully recognized, and, of course, is a matter which is covered at length by regulatory statutes. In the Fort and Kinnear cases, supra, the statutes involved were held to be invalid because they were too broad or vague, among other reasons. In applying the principles of law discussed in these cases to the first sentence of section 69 and rule XVII, it is obvious that these provisions are likewise too broad or vague and, therefore, must be held invalid.

In the instant case, the plaintiff expresses doubt as to his rights under section 69 and rule XVII and asks, by way of a declaratory decree action, that these provisions be held unconstitutional. The cases of McInerney v. Ervin, Fla. 1950, 46 So. 2d 458; Rosenhouse v. 1950 Spring Term Grand Jury, Fla. 1952, 56 So. 2d 445; and Overman v. State Board of Control, Fla. 1953, 62 So. 2d 696, are examples of the numerous decisions holding that the question of the constitutionality of a statute or ordinance may properly be raised by a petition for declaratory relief — that a question of doubt as to rights arises when a person is in doubt as to his rights or status with respect to an ordinance or statute.

As held in the recent case of R-C-B-S Corporation v. City of Atlantic Beach, Fla. App. 1965, 178 So. 2d 906, under chapter 87, Florida Statutes, a petitioner, in order to bring a suit for declaratory relief, must allege facts that satisfy one of three alternative conditions precedent. He must allege that he is a person — (1) who is interested in the declaration, or (2) who may be in doubt as to his rights, or (3) whose rights, status or other equitable or legal relations are affected by the law in question. It is clear, from a reading of the allegations of the complaint in the instant case, that the plaintiff has satisfied one of more of these conditions.

Plaintiff alleges that he will be a candidate for the office of member of the Florida House of Representatives for the 1967 and 1969 Legislatures. This law suit was filed on February 24, 1966. On February 26, 1966, a temporary injunction was entered, after notice, hearing and argument, for the purpose of affording the plaintiff such temporary injunctive relief as then seemed necessary so that he could qualify as a candidate for the legislature. For personal reasons, however, plaintiff did not become a candidate for the 1967 legislature.

In Bryant v. Gray, 1954, 70 So. 2d 581, the Supreme Court of Florida indicated that when a petitioner states that he will be a candidate for office a sufficient present interest is alleged for the invocation of declaratory relief which, among other things, seeks a declaration that a particular law is unconstitutional. Because appellate review has been sought in connection with the apportionment of the 1967 Florida legislature and because it is possible that a final determination of the instant case brought by the plaintiff may not be reached for some months — if appellate review is sought — it is not considered that the questions involved are too remote, insofar as time is a factor in deciding whether or not a present justiciable question is involved. The plaintiff has stated that he will be a candidate for the 1969 legislature in his complaint. In any event, Bell. v. Associated Independents, Inc., Fla. App. 1962, 143 So. 2d 904, holds that a controversy need not be an immediate one so long as it is a real controversy, and that declaratory relief may be invoked to prevent prospective harm or injury.

The Fort case, supra, holds that the fact that the persons affected by such provisions as section 69 and rule XVII are public employees is not a reason for upholding such wholesale restrictions on political activities, particularly when it is considered that there are millions of public employees. Reference is made to a report, in the Fort case, which states that including members of the armed services public employees at all levels of government number 12,000,000 persons out of a total of 75,000,000 in civilian and military employment.

In the case law and in statutes there appears to be a decided trend away from the rigid curtailment of political activities of governmental employees. In Ahto v. Weaver, 1963, 39 N.J. 418, 189 A. 2d 27, it was held that there existed no incompatibility in office between a person who was an elected member of a governing body of a town, under a commission form of government, while such person was, at the same time, a legal assistant to the county counsel of the county in which the town was located. The court said at page 34 — ". . . By reason of the number of lawyers on his staff, the County Counsel may make certain, through the assignment of tasks, that Mr. Weaver will not be called upon to act in any manner in which his municipality is directly or may be indirectly affected . . ."

Service in the legislature of the state of New York by officers or employees holding positions in the classified service is not prohibited, as can be seen by rule 6.3 of the Rules for the

Classified Service, Department of Civil Service, State of New York. This rule states —

Sec. 6.3 DUAL EMPLOYMENT IN THE STATE SERVICE.

No officer or employee regularly employed in a position in the classified service in any State department or agency shall, while continuing to hold such position, accept appointment or employment in any other position or title, or in any capacity whatsoever, on a full-time or part-time basis, either in the classified or unclassified service, in another State department or agency, or in the Legislature or the judiciary, for which employment compensation or salary is payable, without the previous consent in writing of the head of the department or agency in which he is regularly employed. Such written consent shall be required, in each case, for each such additional appointment or employment accepted or undertaken by such officer or employee, and a copy thereof shall be filed by the head of the department or agency in the office of the Comptroller. A wilful violation of the provisions of this section shall be deemed sufficient cause for disciplinary action, including removal.

In chapter 9.5 entitled Political Activities of Public Employees, of the California Statutes, 32 Cal. Code, section 3205 states —

Sec. 3205. PARTICIPATION IN CAMPAIGN.

No officer or employee whose position is not exempt from the operation of a civil service personnel or merit system of a local agency shall take an active part in any campaign for or against any candidate, except himself, for an office of such local agency, or for or against any ballot measure relating to the recall of any elected official of the local agency. (Added Stats. 1963, c. 2000, p. 4079, Sec. 1.)

Section 40:11-1.2 of the New Jersey Statutes, 40 N.J.S.A., states —

Sec. 40:11-1.2, DUAL OFFICE HOLDING; LEGISLATIVE AND COUNTY OR MUNICIPAL OFFICE.

It shall be lawful for a member of the Legislature of the State to hold simultaneously any elective or appointive office or position in county or municipal government. L. 1962, c. 173, Sec. 2.

And, in providing for a leave of absence, without pay, for a classified county or municipal officer, while filling an elective office, section 11.24A-7., 9-11 N.J.S.A., states —

Sec. 11:24A-7. PERSONS HOLDING OFFICE OR POSITION OTHER THAN FOR FIXED PERIOD, LEAVE OF ABSENCE WHILE FILLING ELECTIVE OFFICE.

Any person holding office, position or employment, other than for a fixed term or period, in the classified service of any county, municipality or school district operating under Title 11 of the Revised Statutes, upon his written request, shall be granted leave of absence, without pay, to fill any elective public office created by the State Constitution for the period of the term of such office. Upon the expiration of said term of office, such person shall be entitled to resume the office, position or employment held by him at the time of the

granting of said leave of absence; provided, he shall apply therefor before the expiration of his said leave of absence; and provided, he shall return to duty within five years after the commencement of his leave of absence.

And Mr. H. Eliot Kaplan, general counsel of the National Civil Service League, states in his book, The Law of Civil Service, 1958, in chapter XII, entitled *Political Activity of Public Employees*, at page 350 —

> DISENFRANCHISEMENT PROHIBITED. Obviously, any statute which seeks to disenfranchise public employees, or which interferes with their right to vote, or to express privately their political views, would be held invalid as an infringement on their constitutional civil rights. In exploring the areas of legitimate political activity which such statutes embrace, the tendency of the courts has been to apply a "rule of reason" in the practical setting of our political party system. With changing concepts of what should properly constitute "neutrality" of our public services, the chances are the courts will construe restrictive statutes with greater liberality. The end to be achieved is prohibiting solely offensive partisan political activity clearly inimical to the public interest.

Accordingly, it is ordered, adjudged and decreed as follows —

The motion of the plaintiff for a summary final decree is granted.

The motion of the defendant for a summary final decree in its favor is denied.

The portion of section 69 of the charter of the city of Miami, chapter 10847, Acts of 1925, as amended, which is quoted above in the third paragraph of this decree, is held and declared to be unconstitutional, void, ineffective and without force of law.

Section 2, rule XVII, City of Miami Civil Service Rules and Regulations, Ordinance 6945, adopted November 15, 1961, as amended, is held and declared to be unconstitutional, void, ineffective and without force of law.

Said charter section and rule section do not prohibit the plaintiff from, among other things, becoming a candidate for the office of member of the House of Representatives from Dade County for the 1967 and 1969 Florida legislatures and the plaintiff has full right and legal authority without interference on the part of the defendant to so become a candidate for said office.

The defendant City of Miami, its officers, agents and employees, are hereby restrained and enjoined from exercising any powers, rights, or duties respecting the enforcement of said charter section and rule section against the plaintiff.

The plaintiff may have his costs expended in connection with this suit and the same will be taxed by separate order of this court in favor of the plaintiff and against the defendant upon motion of the plaintiff therefor.

This court retains jurisdiction of this cause for the entry of such further orders or decrees as the court may deem necessary, just and equitable in the premises.