203 So.2d 4 (1967)
CITY OF MIAMI, Appellant,
v.
S.R. STERBENZ, Appellee.
No. 36054.
Supreme Court of Florida.
October 11, 1967.
Rehearing Denied November 6, 1967.
Jack R. Rice, Jr., Miami, for appellant.
S.R. Sterbenz, Miami, in pro. per.
DREW, Justice.
The City of Miami, defendant below, is appealing a summary final decree passing on the validity[1] of a statute, entered for *5 the plaintiff Sterbenz in a proceeding by him for declaratory and injunctive relief.
The complaint, so far as here material, attacked the validity of a portion of Section 69, Chapter 10847, Laws of Florida, Acts of 1925 (the Charter of the City of Miami), and City Ordinance 6945, both stating as follows:
"* * * No officer or employee of the City shall directly or indirectly solicit or receive or be in any manner concerned in soliciting or receiving any assessment, subscription, or contribution for any political party or any political purpose whatever. No person holding a position in the classified service shall take part in political management or affairs or in political campaigns further than to cast his vote or express privately his opinion."
Plaintiff, an assistant city attorney in classified municipal services, sought to enjoin any action by respondent pursuant to, or in enforcement of, the above provisions. The court held the complaint presented a justiciable claim for declaratory relief, based on plaintiff's statement that he would be a candidate for the state legislature in the next election. The decree found the quoted portion of Sec. 69 of Chapter 10847, together with the ordinance incorporating same in civil service regulations, to be "fundamentally in violation of the free speech and related rights guaranteed by the First Amendment of the United States Constitution." The first provision, that employees shall not make, solicit or receive contributions for any political purpose, or "be in any manner concerned" with such activity, was held to be invalid for ambiguity, being too broad and vague to be sustained under principles applied to similar provisions in other jurisdictions.[2]
We find these conclusions to be well supported by both reason and precedent. In an earlier reference to the same city charter provision this Court noted:
"The City Charter does not attempt to define what constitutes taking part in a political campaign such as it purposes to inhibit. Some practices the Legislature may unquestionably forbid, but when it does it must provide a yard stick to measure them by. It cannot leave that to the unbridled discretion of those who would tar and feather any who dared oppose them. Freedom of suffrage and political expression are as essential as freedom of the press. * * *"[3]
A study of federal and state legislation and decisions in this area[4] indicates substantial distinctions, in terms and definition of the limitations imposed, between the provisions here in question and those which have been previously upheld.
While it is clear that the right of political candidacy claimed by plaintiff is not under the law of this state accorded absolute constitutional protection,[5] it is equally clear that the decision in this case does not turn on that issue. Plaintiff contended, and we sustain the decree rendered accordingly, that the provisions of the charter and ordinance are on their face void and ineffective for the reasons above stated. *6 We here simply hold that the particular language of the quoted statute is not sufficiently definitive to effect a prohibition against candidacy for public office by an employee in the classified service. A reasonably specific statute may well produce a different result.[6]
In the absence of any valid severable restriction, plaintiff was in our opinion properly granted injunctive relief in this proceeding.
Affirmed.
CALDWELL, C.J., and THOMAS, THORNAL and O'CONNELL, JJ., concur.
ROBERTS and ERVIN, JJ., dissent.
NOTES
[1] Art. V, Sec. 4, Fla. Const., F.S.A. Jurisdiction in this Court is predicated upon the ruling as to the invalidity of a part of Chapter 10847, Laws of Florida, rather than the municipal ordinance also in question. See Dresner v. City of Tallahassee, 134 So.2d 228 (Fla. 1961).
[2] Fort v. Civil Service Commission of County of Alameda, 1964, 61 Cal.2d 331, 38 Cal. Rptr. 625, 392 P.2d 385; Kinnear v. City and County of San Francisco, 1964, 61 Cal.2d 341, 38 Cal. Rptr. 631, 392 P.2d 391.
[3] Rosenfelder et al. v. Huttoe, 1945, 156 Fla. 682, 24 So.2d 108, 110.
[4] 18 U.S.C.A. Sec. 594 et seq.; 5 U.S.C.A. Sec. 118i et seq.; United Public Workers of America, etc. v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754; United Federal Workers, etc. v. Mitchell, D.C., 56 F. Supp. 621. See also F.S. Sec. 104.31, F.S.A.; State v. Stuler, Fla. 1960, 122 So.2d 1.
[5] Jones v. Board of Control, Fla. 1961, 131 So.2d 713.
[6] Ibid.