PER CURIAM.
Appellant Merrill, by direct appeal brings for review a final decree denying an injunction against enforcement of Chapter 10847, Laws of Florida, 1925, and City of Miami Ordinance No. 6945.
From an examination of the final decree we are unable to determine whether the Chancellor passed directly on the validity of Chapter 10847, supra, although admittedly, the appellant, who was plaintiff below, assaulted the validity of this statute by his complaint.
By the final decree' the Chancellor appeared to recognize the statute. However, without expressing a direct opinion as to its validity, he held that plaintiff was estopped to question it. In order to determine our jurisdiction under Article V, Section 4, Florida Constitution, F.S.A., we must know whether the Chancellor disposed of the cause on the basis of the validity of the statute or because of his finding of an estoppel. If the latter, this appeal must be transferred to the District Court of Appeal.
We, therefore, temporarily relinquish control of this cause to the trial court to enable the Chancellor to enter an appropriate order more specifically stating the'basis for his decree. Upon the entry of such order, a certified copy thereof, together with the instant record, shall be returned to this Court for appropriate disposition. See, State v. Bruno, 104 So.2d 588 (Fla.1958).
We retained jurisdiction of the related case of City of Miami v. Sterbenz, Fla., 203 So.2d 4, opinion filed October 11, 1967. There the Chancellor expressly passed directly on the validity of the subject statute. In returning the instant case to the trial court, we refer the Chancellor to our opinion in Sterbenz, supra.
It is so ordered.
CALDWELL, C. J., and THOMAS, ROBERTS, THORNAL and ERVIN, JJ., concur.