## INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, Local 1510, et al v. CITY OF MIAMI BEACH, et al.

No. 71-19870.

Circuit Court, Dade County.

February 7, 1972.

Alan S. Becker of Becker, Kimler & Entin, Miami, for plaintiffs.

Joe Wanick, City Attorney, for the defendants.

GRADY L. CRAWFORD, Circuit Judge.

Plaintiffs, International Association of Fire Fighters, Local 1510 and Joe Flood, individually and in behalf of all those similarly situated, brought this action for declaratory judgment and injunctive relief. Plaintiffs urge the court to declare section 94 of the Civil Service Act of the Miami Beach Code of City Ordinances unconstitutional. The portion of said ordinance which is here pertinent states —

No person shall orally, by letter or otherwise solicit or be in any manner concerned in soliciting any assessment, subscription or contribution for any political party or political purpose whatever from any person holding a position in the classified service of the city. In other than City of Miami Beach municipal elections and Metropolitan Dade County elections persons holding a position in the classified service of the city may take part in the management, affairs, or political campaign of any political party or person further than in the exercise of his right as a citizen to express his opinion and to cast his vote.

Any person who himself or with others wilfully or corruptly violates any of the provisions of this section shall be guilty of a misdemeanor and shall upon conviction thereof be punished by a fine of not less than five dollars nor more than five hundred dollars, or by imprisonment for a term not exceeding three months, or by both such fine and imprisonment. Any person who is convicted under this section shall for a period of five years be ineligible for appointment to or employment in a position in the city service and shall, if he be an officer or employee of the city, immediately forfeit the office or position he holds.

It is the contention of the plaintiffs that the ordinance, by virtue of its overbreadth and vagueness, sweeps too broadly into the areas of protected First Amendment expression. The city of Miami Beach urges that the ordinance in question is constitutionally valid. However, there has been no intimation of a compelling state interest for the broad restrictions on political activity which the court finds the ordinance imposes.

In City of Miami v. Sterbenz, 203 So.2d 4 (Fla. 1967), the Florida Supreme Court had occasion to consider an almost identical ordinance to the one here in question. The Supreme Court held that the provision of the ordinance that city employees shall not make, solicit or receive contributions for any political purpose or "be in any manner concerned" with such activity was "invalid for ambiguity, being too broad and vague to be sustained under principles applied to similar provisions in other jurisdictions." The court also agreed that the ordinance was "fundamentally in violation of the free speech and related rights guaranteed by the First Amendment of the United States Constitution." Some years earlier, the same court, speaking through Mr. Justice Terrell, had this to say in reference to the same provision, in Roesenfelder v. Huttoe, 156 Fla. 682, 24 So.2d 108 (1945) —

Neither is it competent for administrative officers, by rule or otherwise, to unduly restrict one's activity in a political campaign. Commerce in political opinion is essential to democratic government, and even though one be a candidate for office, he can not be required to poke his head down a hollow log to express any political opinion he may generate.

> The city charter does not attempt to define what constitutes taking part in a political campaign such as it proposes to inhibit. Some practices the legislature may unquestionably forbid, but when it does, it must provide a yardstick to measure them by. It can not leave that to the unbridled discretion of those who would tar and feather any who dared oppose them. Freedom of suffrage and political expression are as essential as freedom of the press . . .

Plaintiffs have expressed a desire to participate in political activities as citizens of Dade County and the state of Florida. While the government may have some interest in regulating the political activities of its employees, the Miami Beach ordinance here in question presents a broadside attack on political expression.

The United States Court of Appeals for the Fifth Circuit has recently had occasion to consider the validity of a similar ordinance in Hobbs v. Thompson, Case No. 30704, September 16, 1971. In that case, a city of Macon, Georgia ordinance — "cast a political pall over the electioneering activities of its firemen and policemen." The court recognized that —

> Since public employees make up an ever-increasing portion of the work force, a blanket prohibition upon political activity, not precisely confined to remedy specific evils, would deal a serious blow to the effective functioning of our democracy.

The court went on to say the following —

> With these principles in mind it seems patently obvious to us that the Macon Charter and Ordinance provisions sweep too broadly and proscribe a great deal of political activity which is unrelated to the effective workings of the fire department. It condemns political contributions of money and support by firemen in all campaigns . . . It prohibits speech, outside of working hours, which "prominently identifies" the firemen with any candidate for any public office. Under the Macon regulatory scheme firemen are effectively rendered political eunuchs . . .

The city of Miami Beach strikes at political activity with the same knife. As in the Macon case, the city ordinance has been construed to forbid political bumper stickers — "a particularly innocuous form of political activity." It is clear from the testimony adduced in this cause that there is nothing clear about the Miami Beach ordinance. The city has not aimed precisely at particular evils which might justify political regulation. There is nothing in the terms of the ordinance that indicates what activities are acceptable and which activities are prohibited. Expressions, public or private, on public affairs, personalities and matters of public interest are the subject matter of our First Amendment rights and can

not be so severely restricted by law. It is not sufficient justification to argue that the ordinance exacts a condition of public employment. The theory that public employment may be subjected to any conditions, regardless of how unreasonable, has been uniformly rejected. See Pickering v. Board of Education, 391 U.S. 563, 88 Sup. Ct. 1731 (1968). In Hobbs v. Thompson, supra, the court stated —

> It is simply inconceivable to us that one acting in good faith under this regulatory scheme would readily know what conduct was prohibited and what conduct was permitted. Because of the vagueness of these legislative provisions it is likely that most firemen would steer clear of political expression, even if protected under the First Amendment, rather than risk suspension or dismissal. But it is just this vice which makes continued toleration of the charter and ordinance prohibitions insupportable.

The Miami Beach charter and ordinance provisions are likewise intolerable. It is the finding of the court that the provisions of the charter and ordinance are on their faces void and defective for the reasons stated, and accordingly the defendants be and they hereby are enjoined from any action pursuant to or in enforcement of the said provisions.