HENDRY, Judge.
This appeal by the city challenges a trial court decision [1] declaring Section 94 of the Civil Service Act of the Miami Beach Code of City Ordinances to be unconstitutional on its face. The subject ordinance was attacked by appellee as a class action for declaratory and injunctive relief. The ordinance in question reads:
“No person shall orally, by letter or otherwise solicit or be in any manner concerned in soliciting any assessment, subscription or contribution for any political party or political purpose whatever from any person holding a position in the classified service of the city. In other than City of Miami Beach municipal elections and Metropolitan Dade County elections, persons holding a position in the classified service of the city may take part in the management, affairs, or political campaign of any political party or person further than in the exercise of his right as a citizen to express his opinion and to cast his vote.
“Any person who himself or with others wilfully or corruptly violates any of the provisions of this section shall be guilty of a misdemeanor and shall upon conviction thereof be punished by a fine of not less than five dollars nor more than five hundred dollars, or by imprisonment for a term not exceeding three months, or by both such fine and imprisonment. Any person who is convicted under this section shall for a period of five years be ineligible for appointment to or employment in a position in the city service, and shall, if he be an officer or employee of the city, immediately forfeit the office or position he holds. (C. 18696, § 15, Sp.Acts 1937; H.R.Election 11-18-69.)”
*407 In finding the ordinance to be void and unenforceable the trial judge placed great reliance on the decision of our Supreme Court in City of Miami v. Sterbenz, Fla.1967, 203 So.2d 4. We are of the opinion that such reliance was well founded.
In City of Miami v. Sterbenz, supra, the court was faced with a very similar provision within the City of Miami’s Ordinance No. 6945, to-wit:
“ * * * No officer or employee of the City shall directly or indirectly solicit or receive or be in any manner concerned in soliciting or receiving any assessment, subscription, or contribution for any political party or any political purpose whatever. No person holding a position in the classified service shall take part in political management or affairs or in political campaigns further than to cast his vote or express privately his opinion.” [Emphasis supplied.]
In holding that the ordinance suffered from impermissible ambiguity the court noted the lower court’s finding that the language “be in any manner concerned” was too broad and vague to be sustained under existing legal principles. The court then commented on this lower court finding by saying, “We find these conclusions to be well supported by both reason and precedent.” We agree with this assessment of that same language in the case sub judice. The city argues that the ordinance presently before us does not suffer from the same infirmity as the one considered in the Sterbenz case, supra, since the present ordinance only limits such activities in certain local and county elections, while the ordinance in Sterbenz was a blanket prohibition in all elections. While there may be some merit in this assessment of the difference between the two ordinances, we are not persuaded that such a difference in any manner clarifies the ambiguous language of the ordinance prohibiting civil service employees from being “in any manner concerned” in such political activities. The infirmity of the ordinance is not in its geographic sphere but in the ambiguous scope of the activities prohibited. In this regard, the Sterbenz decision is controlling and supports the opinion of the trial judge in the case sub judice.
We do, of course, take note of our Supreme Court’s recent decision in the case of Swinney v. Untreiner, Fla.1973, 272 So.2d 805 (opinion filed January 22, 1973) upholding the constitutionality of a similar Escambia County Civil Service section. However, the court noted that the act under consideration in Swinney, supra, differed “significantly” from the act held invalid for ambiguity in City of Miami v. Sterbenz. Similarly, we are of the opinion that the act under consideration in Swin-ney also differs significantly from the one under consideration in the case sub judice.
Therefore, for the reasons stated and upon the authorities cited and discussed, the judgment appealed from is hereby affirmed.
Affirmed.

. The lower court decision is reported at 36 Fla.Supp. 201.