

# The Attorney General of Texas

March 17, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway. Suite 312
Lubbock, TX 79401
806/747-5238

4313 N. Tenth. Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Colonel James B. Adams, Director
Texas Department of Public Safety
5805 N. Lamar Boulevard
Austin, Texas 78773

Opinion No. MW-149

Re: Constitutionality of prohibitions of political activity by Department of Public Safety Employees.

Dear Col. Adams:

You have requested our opinion regarding the constitutionality of section (2), article 4413(9), V.T.C.S., and you ask whether certain activities are prohibited by the statute. The statute provides in pertinent part:

> ... No person in the Department shall contribute any money or other thing of value for political purposes, nor shall any person in the Department engage in political activities or campaign for or against any candidate for any public office in this state. Any person violating any provision of this subsection shall forfeit his position with the Department.

You first ask whether such a limitation on political activity is constitutional.

The Supreme Court has held that political activity of public employees may be restrained. United Public Workers of America v. Mitchell, 330 U.S. 75 (1947). A statute regulating political activity of public employees does not fail for vagueness even though it does not specify every type of activity prohibited. United States Civil Service Commission v. National Association of Letter Carriers, 413 U.S. 548 (1973); Broadrick v. Oklahoma, 413 U.S. 601 (1973). The Court found that the state statute challenged in Broadrick was not unconstitutional, despite the fact that it

> ... may be susceptible of some other improper applications ... [W]e do not believe that [the statute] must be discarded in toto because some persons' arguably protected conduct may or may not be caught or chilled by the statute.

413 U.S. at 618. We conclude that section (2), article 4413(9), V.T.C.S., is constitutional. It must, however, be construed so as not to infringe upon areas of protected conduct.

Prohibitions against political activity by public employees are common. See, e.g., The Hatch Act, 5 U.S.C. §§ 1501 et. seq.; V.T.C.S. arts. 695(c) § 31; 1269(m) § 22; 3207(c). The obvious purpose of such statutes is to isolate political interests of employees from the public interest in an efficient public service. United Public Workers v. Mitchell, 330 U.S. 75, 99 (1947), quoted in United States Civil Service Commission v. National Association of Letter Carriers, 413 U.S. 548, 555 (1973); Attorney General Opinion M-1099 (1972). To this end, Attorney General Opinion M-1099 (1972) construed a prohibition against "participat[ion] in any political activity" (V.T.C.S. art. 695c, § 31, applicable to the State Department of Public Welfare) as prohibiting only partisan political activity. Section (2), article 4413(9), V.T.C.S., similarly forbids employees of the Department of Public Safety from engaging only in partisan political activities.

You next ask what effect, if any, the Texas Constitution, article XVI, sections 33 and 40 may have insofar as this statute is concerned.

Section 33 prohibits compensation to persons holding more than one civil office, while section 40 prohibits holding more than one such office, subject to the following exception:

> . . . State employees . . . shall not be barred from serving as members of the governing bodies of school districts, cities, towns, or other local governmental districts; provided, however, that such State employees or other individuals shall receive no salary for serving as members of such governing bodies. . . .

Article XVI, section 40 of the Texas Constitution protects state employees from dismissal on the grounds that they are candidates for one of the specified local offices or hold such an office. Attorney General Opinion H-659 (1975). The activity is protected and thus not prohibited by section (2), article 4413(9), V.T.C.S.

You next ask:

> Can an employee of the Texas Department of Public Safety under this statute be a member of an organization which:
>
> a) endorses a political candidate;
> b) actively supports a political candidate by either working in the candidate's campaign or contributing funds to the candidate; or
> c) contributes to and supports another organization which actively endorses and supports a political candidate?
>
> Would the answer to the whole question be any different if the employee took no part in the activities of either the parent organization or the organization supporting the candidate?

Article 4413(9), V.T.C.S., does not address membership in organizations. It merely prohibits individuals from engaging in political activity. We believe that the statute does not necessarily prohibit membership or activity in an organization which endorses candidates. The prohibition against engaging in political activity would, however, preclude a Department of Public Safety employee from actively participating in the organization's activities which are designed to further a partisan candidate's campaign. Kusper v. Pontikes, 414 U.S. 51, 56-57 (1973); Pickering v. Board of Education of Township High School, 391 U.S. 563 (1968); NAACP v. Button, 371 U.S. 415 (1963); Buckley v. Valeo, 424 U.S. 1, 15 (1976).

The purpose of article 4413(9), V.T.C.S., to isolate the partisan political interests of employees from the public interest in an efficient public service, does not prohibit membership alone in a political organization or a group which supports such an organization.

You next ask:

> Can an employee work in a political candidate's campaign (by giving speeches, making contributions, making telephone calls, transporting voters to the polls, and other related activities)?

We believe that the language of article 4413(9), section (2), V.T.C.S., as stated below, prohibits such activity in partisan political campaigns:

> ... No person ... shall ... campaign for or against any candidate for any public office in this state.

You next ask whether an employee can run for a paid political office.

An employee of the Department may not accept compensation for holding any political office, but may run for and hold those offices specified in article XVI, section 40 of the Texas Constitution. An employee, however, is prohibited by article 4413(9), section 2, V.T.C.S., from running for a partisan political office unless the office is one covered by article XVI, section 40. See Broaderick v. Oklahoma, 413 U.S. 601, 617; Willis v. City of Fort Worth, 380 S.W.2d 814 (Tex. Civ. App. — Fort Worth 1964, writ ref'd n.r.e.); Ramirez v. Flores, 505 S.W.2d 406 (Tex. Civ. App. — San Antonio 1973, writ ref'd n.r.e.); Attorney General Opinion H-659 (1975).

You next ask:

> ... officers must take the constitutional oath of office (Art. XVI, Sec. 1). Is there anything in this oath of office that either permits or forbids political activity?

Section 1, article XVI of the Texas Constitution is

> designed to promote the selection of appointees on the basis of merit only, and to assure that no officer has purchased his position

by promises of direct or indirect reward to those responsible for his selection.

Attorney General Opinion H-1027 (1977) at 2.  An appointee may not engage in political activity as direct or indirect payment for his selection.

You next ask:

We would also like to know whether the Hatch Act (5 U.S.C.A. Sec. 1501, et. seq.) would have any effect on your answers or any of the situations set out above?

Employees of the Department of Public Safety are subject to 5 U.S.C. section 1502 since federal funds are used by the Department.  Engelhardt v. United States Civil Service Commission, 197 F. Supp. 806 (Ala. 1961), aff'd, 304 F.2d 882 (5th Cir. 1962).  Section 1502 prohibits certain political activities by state employees, but is not intended to preempt or supersede any state law regulating political activities.  1974 U.S. Congress & Administration News 5587, 5669.

### SUMMARY

Section (2), article 4413(9), V.T.C.S., which limits political activity by Department of Public Safety personnel is constitutional.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Bob Gammage
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks

Bob Gammage
Susan Garrison
Rick Gilpin
William G Reid