Mona NELSON, joined by her husband, R. D. Nelson, Relators,

v.

Honorable Perry D. PICKETT, District Judge, Respondent.

Motion No. 8371.

Court of Civil Appeals of Texas.

El Paso.

Feb. 12, 1960.

Rehearing Denied Feb. 24, 1960.

Woodgate, Richards & McElhaney, Dallas, for relators.

Respondent not represented by counsel.

LANGDON, Chief Justice.

This is a motion for leave to file a petition for writ of mandamus instituted by Mona Nelson, joined by her husband D. R. Nelson, as Relators, in which the Honor-

able Perry D. Pickett, Judge of the 142nd District Court of Midland County, is Respondent.

This proceeding was instituted following the refusal of Respondent, the Honorable Perry D. Pickett, to grant Relators' motion to file petition for mandamus against the Honorable ·D. M. Ellis, Justice of the Peace, Precinct 1, Place 2, Midland County, Texas, against whom it was alleged that, on or about the 4th day of September, 1959, within the boundaries of the County of Midland, Texas, and within the jurisdiction of the Justice of Peace of Precinct 1, Place 2, Midland County, Texas, a dead body was found, purported to be that of Virgil Volney Harmon, with evidence and existing facts indicating that said deceased person had died by violence, and that the Honorable D. M. Ellis was called in attendance and inquest; it being contended by Relator that said Justice of the Peace failed to make a complete, thorough or proper investigation or inquest, as required by statute, Vernon's Ann.C.C.P. art. 968 et seq., so as to determine the identification of the deceased or the cause of death. Relator further complains that no autopsy was ordered, but that the said D. M. Ellis executed a death certificate setting out the cause of death as "gun shot wound in head, accidental", and describing how death occurred as "unknown—victim apparently shot self while handling 22 calibre rifle."

The Relator, Mona Nelson, is a sister of the deceased. Being dissatisfied with the identification of the deceased and with the findings of the Justice of the Peace in his capacity as "coroner" as to the cause of death, it appears that she employed a private investigator, named R. B. Denson, to make an independent investigation of the facts and circumstances surrounding the death. Mr. Denson's findings or conclusions are not before us; however, it appears that after completing his investigation, he requested D. M. Ellis, the Justice of the Peace, in behalf of and as agent and representative of the Relator, to exhume and autopsy the body of the deceased. This the Justice of the Peace agreed to do, provided formal application be made and consent given in writing by one or more of the surviving relatives of the deceased for disinterring the body and performing the autopsy; and, further, that a sum of $300 accompany the application and consent to cover the expense of $100 to be charged by the funeral home for disinterring the body and reburial, and the sum of $200 to be charged by the pathologists for conducting an autopsy. Relator declined to advance the sum to cover the cost of exhuming the body and performing the autopsy, but it appears that she did thereafter make formal application and give her consent to the disinterment and autopsy.

We have carefully examined the various exhibits which are attached to Relator's motion for leave to file a petition for writ of mandamus, and particularly Exhibit B, which purports to be an official statement of certain Midland County officials, authorized by "all the officials involved." The pertinent statements, conclusions and finding set forth in this statement reflect:

(1) that the body found at the death scene was that of Virgil Volney Harmon;

(2) that death was caused by a self-inflicted wound in the head fired from his own 22-calibre rifle;

(3) numerous other facts and circumstances from which the officers concerned with the investigation have logically and reasonably ruled out the possibility that the deceased was a victim of murder.

The writ of mandamus sought to be obtained in this case is one to compel the District Judge of Midland County to compel, by mandamus, a Justice of Peace of that County to perform a certain act or duty. Relator's contention is that she has an absolute right, conferred by statute, to the performance of the particular duty or

act by such Justice of the Peace. We do not agree with Relator's contention.

If the material facts, findings and conclusions of the officers involved may be relied upon, and since we do not find anything in Relator's motion to refute them, we have concluded that Relator simply does not approve of the manner in which the facts and circumstances surrounding her brother's death were developed, and seeks to compel the development of additional facts, at the expense of the County, before she, herself, is willing to accept the findings and conclusions of the public officials in this as correct.

██ The purpose of a mandamus is to supply defects in justice; it does not supersede legal remedies. To warrant the court in granting Relator's motion for leave to file petition for mandamus, and for the court to be justified in issuing such writ, it must appear that the complaining party has a clear legal right to the performance of the particular duty sought to be enforced, and that she has no other plain, adequate, and complete method of redressing the wrong, or of obtaining the relief to which she is entitled, so that, without the aid of the writ, there would be a failure of justice.

██ Such does not appear to be the case here. We do not find a failure on the part of the Justice of the Peace, the District Judge, or any other official of Midland County to perform the acts required of them by the laws of this State. The Justice of Peace conducted the inquest as was required by law and, having satisfied himself as to the identity of the deceased and of the cause of death, the body was turned over to the surviving relatives of the deceased and was interred by them, or under their direction. If they are dissatisfied with the conclusions reached by the public officials of Midland County, they may apply for an order to have the body of the deceased exhumed and autopsied at their own expense. For the same reason,

we conclude that the Honorable Perry D. Pickett, Judge of the 142nd District Court, did not err in refusing leave to file application for writ of mandamus.

Relators' motion is accordingly overruled.