**Romeo RAMIREZ et al., Appellants,**

**v.**

**Romeo FLORES, Jr., Appellee.**

**No. 15240.**

Court of Civil Appeals of Texas, San Antonio.

Dec. 12, 1973.

Rehearing Denied Jan. 2, 1974.

Rankin, Kern & Martinez, McAllen, Victor C. Woods, Zapata, for appellants.

Baskin, Casseb, Gilliland, Rodgers & Robertson, Solomon Casseb, Jr., San Antonio, Perkins, Davis, Oden & Warburton, Alice, for appellee.

PER CURIAM.

This is a suit for a writ of mandamus filed by Romeo Flores, Jr., appellee herein, against appellants, Matias Cuellar, County Clerk, and Reynaldo Uribe, County Treasurer, of Zapata County, Texas, for salary claimed due him as County Commissioner of Precinct No. 1, Zapata County, Texas. The trial court, after a nonjury hearing, granted the writ, and the county clerk was ordered to issue and deliver a warrant in payment of appellee's salary as County Commissioner of Precinct No. 1.

Romeo Ramirez was duly elected to a four-year term as County Commissioner of Precinct No. 1 in November, 1972, and duly qualified on January 1, 1973. Thereafter, he made an application to have his name placed on the ballot as a candidate for Trustee of Zapata County Independent School District, which election was to be conducted on April 7, 1973. Thereafter, on March 23, 1973, the county judge of Zapata County, Texas, appointed appellee to fill the vacancy of County Commissioner of Precinct No. 1. Mr. Ramirez continued to claim the office of county commissioner, however; and the county clerk, Mr. Cuellar, testified that he did not know which man to pay, and that out of precaution, he was not going to pay either Mr. Flores or Mr. Ramirez.

Appellee's application for writ of mandamus was filed on April 16, 1973. On April 20, 1973, Mr. Ramirez filed an application for leave to intervene which was granted by the trial court on the same day. Appellant Ramirez alleged that he was, and is, the duly elected, qualified and acting County Commissioner of Precinct No. 1; that Romeo Flores, Jr., is not the duly elected or appointed and qualified Commissioner of Precinct No. 1; that the relief asked by appellee could not be granted without the court determining that appellee is entitled to hold office as county commissioner; and that intervenor Ramirez was an indispensible and necessary party to such proceedings.

Appellants assert eighty-one points of error. Their basic contentions under such points of error are that appellant Ramirez did not resign as county commissioner and that no vacancy now or ever existed in such office; that appellee Flores has never legally qualified as county commissioner; that mandamus is not a proper remedy herein; and, in any event, no mandamus should lie in this case. They also assert that the trial court erred in not granting them a jury trial; in overruling their pleas in abatement; in overruling various special exceptions; and in granting what amounts to an advisory opinion.

■ We first consider appellants' contention that no vacancy in said office ever existed. It is uncontradicted that Ramirez, while serving as county commissioner, made an application to have his name placed on the ballot as a candidate for Trustee of the Zapata County Independent School District; that his name was listed in a public notice as one of the candidates who had filed for the office of school trustee; and that at the time he filed such application, the unexpired term of the office he held was in excess of three years. Appellee asserts that under the provisions of Article XVI, Section 65, of the Constitution of the state of Texas, Vernon's Ann. St., Ramirez automatically resigned from

such office as county commissioner at the time he announced for the office of school trustee, and that a vacancy therefore existed.

The applicable provisions of such Section 65 read as follows:

"Provided, however, if any of the officers named herein [one of the officers named therein is county commissioner] shall announce their candidacy, or shall in fact become a candidate, in any General, Special or Primary Election, for any office of profit or trust under the laws of this State or the United States other than the office then held, at any time when the unexpired term of the office then held shall exceed one (1) year, such announcement or such candidacy shall constitute an automatic resignation of the office then held, and the vacancy thereby created shall be filled pursuant to law in the same manner as other vacancies for such office are filled." Vernon's Ann. 1972–73 Supp.

■ It is settled in Texas that a trustee of an independent school district holds an office of trust under the laws of this state. Kimbrough v. Barnett, 93 Tex. 301, 55 S. W. 120 (1900); Lee v. Leonard Independent School District, 24 S.W.2d 449 (Tex. Civ.App.—Texarkana 1930, writ ref'd). The resignation in applicable cases is automatic, and no action by the county judge or the county commissioners is necessary under the circumstances. Article XVI, Section 65, supra; 47 Tex.Jur.2d, Public Officers, Section 52 (1973 Supp.).

Appellants assert that in order for one to vacate an office, he must accept the second office, qualify for it, and enter the duties of that office; and in support thereof, they cite State ex rel. Kingsbury v. Brinkerhoff, 66 Tex. 45, 17 S.W. 109 (1886); Pruitt v. Glen Rose Independent School District No. 1, 126 Tex. 45, 84 S.W.2d 1004 (Tex.Comm'n App.1935, opinion adopted); Odem v. Sinton Independent School District, 234 S.W. 1090 (Tex.Com.

App.1921, jdgmt. adopted). The provisions pertaining to automatic resignations of offices hereinabove quoted were added by amendment in 1958; and prior to such time, Article XVI, Section 65, contained no such provisions. The cases above cited arose prior to the 1958 amendment and are not in point.

They further assert that under the provisions of Section 40 of Article XVI, as readopted in 1971,[1] a county commissioner may hold or exercise at one time one or more civil offices of emolument, and that Section 40, insofar as county commissioners are concerned, repeals the prohibition of Section 65 hereinabove referrred to, and is controlling.[2]

■ Appellants assert that the 1971–72 amendment to Article XVI, Section 40, is later in time than Section 65, and repealed the limitations of Section 65 with regard to county commissioners holding more than one office of public trust, and is controlling in this case. Appellee, on the other hand, asserts that the two sections are not inconsistent and can be harmonized and effect given to both sections. Our Supreme Court said: "The Constitution must be read as a whole, and all amendments thereto must be considered as if every part had been adopted at the same time and as one instrument, and effect must be given to each part of each clause, explained and qualified by every other part. * * * Different sections, amendments, or provisions of a Constitution which relate to the same subject-matter should be construed together and considered in the light of each other." Collingsworth County v. Allred, 120 Tex. 473, 40 S.W.2d 13, 15 (1931). See also Purcell v. Lindsey, 158

Tex. 541, 314 S.W.2d 283 (1958). In *Collingsworth,* the Supreme Court sets forth pertinent applicable rules of constitutional construction and indicates that an application of construction to an amendatory portion of a provision in the constitution to repeal other provisions is not favored, and stated that if a provision is in irreconcilable conflict with other provisions of the constitution, the provision that is later in point of adoption will be given controlling effect, but this rule will only be applied upon a determination that it is impossible to harmonize the provisions by any reasonable construction which will permit them to stand together.

It is to be noted that Section 40 prohibits the holding or exercising at the same time more than one civil office of emolument, with certain offices therein excepted. On the other hand, Section 65 contains a specific prohibition prohibiting certain offices therein named, including the office of county commissioner, from announcing their candidacy or becoming a candidate in any election for any office of profit or trust, other than the office then held, at any time when the unexpired term of the office then held shall exceed one year, and that in such event, such announcement of such candidacy shall constitute an automatic resignation of the office then held. The two sections of the constitution are not in irreconcilable conflict, and both can be given effect. The phrase, "unless otherwise specially provided," must have contemplated the existence of the validity of the limitation placed on county commissioners in Section 65. Section 65 herein under construction is a more specific section, and one characteristic which distinguishes the two is that while Section 40 provides that

---

1. This constitutional amendment was passed by the Legislature in 1971 and voted by the people in 1972.

2. Section 40 of Article XVI, as originally adopted in 1876, provides that no person shall hold or exercise at the same time more than one civil office of emolument except certain listed offices. Thereafter, by amendments, additional offices or positions were added. In

1972, Article XVI, Section 40, was amended, which amendment contained all the offices previously listed, including county commissioner, but added the officers and directors of soil and water conservation districts, certain non-elective offices and certain state employees. The list of exempted offices ends with a qualifying clause or phrase, " . . . unless otherwise specially provided herein."

a county commissioner may hold more than one civil office, Section 65 prohibits the announcement of a candidacy in a limited situation, that is, if the unexpired term exceeds one year. These sections harmonize in allowing a county commissioner with less than one year of unexpired term left to run for and become elected to other offices for a short transitional period.

We have concluded that the trial court was correct in holding that the announcement made by County Commissioner Romeo Ramirez as a candidate for Trustee of the Zapata County Independent School District at a time when the unexpired term exceeded one year was an automatic resignation of the office of county commissioner. See Willis v. City of Fort Worth, 380 S.W.2d 814 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n. r. e.).

We next consider appellants' points of error pertaining to the propriety of mandamus proceedings in this case. In the first place, they assert that the proper action herein was not mandamus, but either quo warranto or a suit to try title to the office in question. They further assert that under the pleadings and proof herein, no mandamus will lie; that the suit was premature; that all conditions precedent to the issuance of a writ of mandamus were not met; and that there was an adequate remedy at law.

■ As a general rule, in order to authorize an issuance of a writ of mandamus, it must appear that the complainant has a clear legal right to the performance of the particular duty to be enforced or sought to be enforced, and that the complaining party has no other plain, adequate and complete method of redressing the wrong, or of obtaining the relief to which the complaining party is entitled, so that, without the issuance of the writ, there would be a failure of justice. Nelson v. Pickett, 332 S.W.2d 129 (Tex.Civ.App.—El Paso 1960, mand. overr.); 37 Tex.Jur.2d, Mandamus, Section 15.

■ As a general rule, quo warranto and not mandamus is a proper remedy to try title to a public office. However, appellee asserts that the remedy of mandamus was and is a proper remedy under the facts in this case. See Martin v. Sheppard, 129 Tex. 110, 102 S.W.2d 1036 (1937); Simpson v. Williams Rural High School District, 153 S.W.2d 852 (Tex.Civ. App.—Amarillo 1941, writ ref'd); Hood County Judge v. Cain, 32 S.W.2d 485 (Tex.Civ.App.—Amarillo 1930, writ ref'd). In some jurisdictions mandamus has been granted to compel the payment of salary though title to the office was incidentally involved. See Anno: Mandamus to Compel Payment of Salary of Public Officer or Employee, 5 A.L.R. 572, 580. In an annotation in 84 A.L.R. 1114 entitled Mandamus to Put One in Possession of Office Title to Which is in Dispute, it is stated that it is generally held that one who has a clear legal title to an office, or a prima facie right thereto as shown by a certificate of election, appointment, or other evidence of title, may be put in possession of the office by mandamus, even though the title is disputed by another, citing many cases.

It appears from the record herein that this case was tried as a suit to try the right and entitlement to the office of County Commissioner of Precinct No. 1. Appellee asserted in his pleadings that a vacancy in the office of the Commissioner of Precinct No. 1 existed by virtue of appellant Ramirez announcing his candidacy for the office of Trustee of the Zapata County Independent School District while serving as county commissioner; that appellee was thereafter appointed to such office in accordance with law; and that he thereafter duly qualified in all respects. Appellants Cuellar and Uribe allege in their pleadings that Romeo Ramirez is claiming title to the office and is a necessary party to such proceedings. Romeo Ramirez intervened in such cause and asserted that he is the duly elected, qualified and acting County Commissioner of Precinct No. 1; that appellee is not the duly elected or legally ap-

pointed and qualified county commissioner for such office; that he has a personal right to such office; and that the relief sought by appellee could not be determined without the court determining that appellee is entitled to hold the office of County Commissioner of Precinct No. 1. In our opinion, such pleadings clearly put in issue the entitlement or right to such office and necessitated a trial to try title to such office.

■ More and more, the courts are disregarding technical distinctions in terminology and in determining the nature of the various writs from their function and purpose, rather than the labels given them. 6 Lowe, Texas Practice, Mandamus, Section 302 et seq. The nomenclature of a pleading is not controlling for the courts look to substance rather than form in determining the nature of the relief sought. Custer v. McGough, 184 S.W.2d 668 (Tex. Civ.App.—Eastland 1944, no writ); Iowa Mutual Insurance Co. v. Burmester, 313 S.W.2d 897 (Tex.Civ.App.—Houston 1958, no writ); 46 Tex.Jur.2d, Pleading, Section 259; 71 C.J.S. Pleading § 53; 61 Amer. Jur.2d, Pleading, Section 63. See also, Rose v. State, 497 S.W.2d 444 (Tex.1973).

■ It seems clear from the record that this suit was in fact a trial to the right of office and was tried on this basis. The pleadings of appellant Romeo Ramirez, the intervenor, clearly put in issue the question of trial of right to the office of Commissioner of Precinct No. 1. The position basically taken by the other two appellants, Cuellar and Uribe, is that there are two people claiming the office of such commissioner, and that they want to know who the lawful holder of such office is, so that they can make payment to the proper person. Early in the proceedings, the court stated:

"The basic problem here, it seems to me from reading the pleadings that have been filed by all parties, is whether or not there was an automatic resignation of the office of Commissioner of Pre-

cinct Number 1, and whether or not that office has been filled according to law. * * * The Court is going to determine as a matter of law whether or not there was an automatic resignation and whether or not there was a vacancy, and whether the vacancy was filled by law. * * * there was a man appointed, and this man now claims to be the duly qualified member of the Commissioners' Court of Precinct Number 1, and that he's not so recognized by the County Clerk and County Treasurer."

The court, in its oral ruling after the hearing, stated:

"The question here is not whether the offices are compatible, but whether or not there was an automatic resignation by the announcement of the candidacy by the office holder who had more than one year of unexpired term of his previous office. The law is clear. Article 16, Section 65 is very strong and I don't see how it could be any more clearer. It says that the announcement for candidacy by office holder having an unexpired term of more than one year for another office is an automatic resignation of the office then held and the vacancy thereby created shall be filled according to law or pursuant to law in the same manner as the vacancies for such office are filled. The announcement made by the County Commissioner at the time, Romeo Ramirez, as a candidate for Trustee of the Independent—of the Zapata County Independent School District was an automatic resignation of the office then held, which was County Commissioner, because it had more than one year to go on the unexpired term. So there was an automatic resignation and the evidence shows that the County Judge, in conformity with Article 2341 of the [Vernon's Ann.] Revised Civil Statutes of the State of Texas, appointed a resident of the same precinct to succeed Romeo Ramirez, who automatically resigned. The law is very clear on that point. * * * There is no question here

but that there was an automatic resignation; that the office was filled according to law: . . . ."

We have concluded that this suit was in fact a trial to the right to office, and we accordingly overrule all of appellants' points of error complaining of the issuance of the writ of mandamus.

By a number of points of error, appellants complain of the trial court's overruling of their pleas in abatement and special exceptions, wherein it is asserted that all necessary parties were not before the court; that appellee's application for writ of mandamus was premature in that no claim or voucher had ever been presented to the proper officer for issuance; that the appellee has not qualified for the office in that no proper oath or bond has ever been filed; and that appellee had an adequate remedy at law. They also urge that appellee failed to allege and prove that the Commissioners' Court of Zapata County, Texas, had authorized, approved or ordered the payment of any salary to appellee for any office. They also urge that the trial court erred in overruling their request for a jury.

■ Appellants' contention that all necessary parties were not before the court had merit prior to the intervention of Romeo Ramirez, but at the time such cause was tried, all necessary or indispensible parties were before the court. We do not regard the county commissioners as necessary parties.

■ We have concluded that appellants' contention that appellee has not properly qualified for office in that no proper bond or oath has been filed is without merit. The original oath and bond dated April 17, 1973, introduced as Plaintiff's Exhibits Nos. 5 and 6, contain some defects in form. However, there is contained in the transcript a bond dated April 24, 1973, and an oath dated April 24, 1973, both of which appear to be proper and in order. Such bond contains an acknowl-

edgement of appellee and the sureties thereon, which is acknowledged before a notary and which is dated April 24, 1973. The oath of office of appellee was taken by the same notary and the subscription to such oath is dated April 24, 1973. The bond is approved by the county judge on April 25, 1973. The transcript shows that the bond and oath were filed on May 7, 1973. Appellants assert that they are not properly a part of the record and should not be considered by this Court, but that they are part of the proceedings in another court, the County Commissioners' Court of Zapata County, Texas. The county judge of Zapata County testified that while there were some clerical errors in the April 17 bond and oath, he testified at the hearing that the bond and oath were now complete.

The judgment issued by the trial court has a finding that Romeo Flores has duly qualified as Commissioner of Precinct No. 1 of Zapata County, Texas by taking, executing and filing the oath and bond required by law. The judgment does have a provision, however, that a peremptory writ of mandamus issue, directing the county clerk to issue, sign and deliver to appellee a warrant or voucher for appellee's salary as county commissioner in the amount provided by law, such warrant to not issue until such time as appellee has qualified by taking and filing an oath and bond as required by law.

Under the record before us, it appears that appellee has duly qualified by taking and filing his oath and bond as required by law, and we see no necessity for the peremptory qualification contained in the judgment.

■ In support of their contention that the commissioners' court has never authorized, approved or ordered the payment of any salary to appellee, appellants assert that the commissioners' court in their budget and general order required the county clerk to issue warrants to pay the salaries of the commissioners, which order

named the various commissioners by name, including Romeo Ramirez, and then provided what salary he was to receive. We do not regard such contention as material, as the legal holder of the office of County Commissioner of Precinct No. 1 would be entitled to the applicable salary for such office.

Appellants' points of error complaining of the trial court's denial of their pleas in abatement and special exceptions are overruled.

 We find no issues of fact that would require the intervention of a jury, and appellants' point of error that the trial court erred in denying their demand for a jury is overruled.

All of appellants' points of error have been considered, and all are overruled.

We have concluded and we hold that the announcement made by Romeo Ramirez as a candidate for Trustee of the Zapata County Independent School District at the time when the unexpired term of the office of County Commissioner of Precinct No. 1 of Zapata County, Texas, exceeded one year constituted an automatic resignation of his office as county commissioner; that thereafter a vacancy existed in such office; that such vacancy was validly filled by the appointment by the county judge of appellee Romeo Flores, Jr., as county commissioner of such precinct in accordance with law; that thereafter Romeo Flores, Jr., duly qualified as county commissioner of said Precinct No. 1 by taking, executing and filing the oath and bond as required by law; that Romeo Flores, Jr., is now the duly appointed and qualified commissioner of said Precinct No. 1; and that the said Romeo Flores, Jr., is entitled to his salary as County Commissioner of Precinct No. 1 of Zapata County, Texas, from and after May 7, 1973, in the amounts provided by law.

The judgment of the trial court is reformed by eliminating therefrom the limitations therein contained as to the effective date thereof so that such judgment shall be in all things effective as of May 7, 1973, and so as to provide that the county clerk and county treasurer of Zapata County, Texas, shall forthwith issue, sign and deliver to appellee, Romeo Flores, Jr., a warrant or voucher for the salary due him as County Commissioner of Precinct No. 1, Zapata County, Texas, from and after May 7, 1973, in the amounts provided by law; and as so reformed, the judgment is affirmed.

We feel confident that appellants Cuellar and Uribe will abide by the directions of this Court, and accordingly, no mandate shall issue unless necessary to enforce the orders of this Court.