

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

...1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

March 6, 1984

Honorable Patrick J. Ridley
Bell County Attorney
P. O. Box 474
Belton, Texas    76513

Opinion No. JM-132

Re:  Automatic resignation of county commissioner from office by filing for candidacy for another office

Dear Mr. Ridley:

You have asked whether, by reason of article XVI, section 65 of the Texas Constitution, a county commissioner with more than one year of his term remaining, has automatically vacated his office by applying with a political party to file for election to the board of directors of a water improvement district, an office for which he was ineligible by reason of special circumstances. You have stated, and we will assume, that the commissioner at issue is a land developer and is ineligible for this position under section 50.026 of the Water Code, which bars land developers from membership on the governing body of a water district. It is our opinion that the commissioner has vacated his county position, pursuant to article XVI, section 65 of the Texas Constitution, regardless of his ineligibility to hold the office for which he has filed.

A pertinent portion of article XVI, section 65 was approved by the voters in 1958:

> Provided, however, if any of the officers named herein [County officials] shall announce their candidacy, or shall in fact become a candidate, in any General, Special or Primary Election for any office of profit or trust under the laws of this State or the United States other than the office then held, at any time when the unexpired term of the office then held shall exceed one (1) year, such announcement or such candidacy shall constitute an automatic resignation of the office then held, and the vacany thereby created shall be filled pursuant to law in the same manner as other vacancies for such office are filled.

Section 65 does not violate the equal protection clause of the federal Constitution. Clements v. Fashing, 102 S.Ct. 2836 (1982). A

comparable provision applies to municipalities. Cf. Tex. Const., art. XI, §11.

The position of water district board director is unquestionably an "office of trust" under section 65. In an opinion based upon similar facts, this office concluded that a justice of the peace, upon announcing as a candidate for director of a water control and improvement district, automatically resigned his office, when there was more than one year remaining in his term. Attorney General Opinion H-767 (1967). Section 65 has also been construed to effect the automatic resignation of a county commissioner who seeks election to a school board with more than one year remaining in his term. Ramirez v. Flores, 505 S.W.2d 406 (Tex. Civ. App. - San Antonio 1973, writ ref'd n.r.e.); Attorney General Opinion C-43 (1963).

Under the plain language of article XVI, section 65, one's mere announcement for another office constitutes an automatic resignation. See Attorney General Opinion WW-1253 (1962) (announcement made by press release published in a newspaper). It is irrelevant that the office holder announcing his candidacy for another office is ineligible on other grounds to assume the position for which he has announced. Therefore, a vacancy in the office of county commissioner presently exists.

## S U M M A R Y

A county commissioner who files an application to place his name on the ballot in an election for the directorship of a water district automatically vacates his office if more than one year remains in his term, even though he is ineligible for the office of water district director.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by David Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton
Bruce Youngblood