

# The Attorney General of Texas

December 19, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Dana Ehrlich
Lipscomb County Attorney
P. O. Box 156
Follett, Texas    79034

Opinion No.   JM-395

Re:    Whether a justice of the peace
may simultaneously serve as a member
of a city council

Dear Mr. Ehrlich:

You request an Attorney General's Opinion on the office of Justice of the Peace, Precinct Three, Lipscomb County. The individual who occupies this office announced his candidacy for the city council of Follett, Texas, a general law city. He won a seat on the council, and began serving as a member of the city council. City council members serve without compensation. When he announced his candidacy for city council, he had over one year left on his unexpired term as justice of the peace. You ask the following questions about this series of events:

> 1.  If a justice of the peace who has more than one year remaining of his unexpired term announces his candidacy for office of city council member of the city of Follett, Texas, does such anouncement constitute an automatic resignation of the office of justice of the peace under article XVI, section 65 of the Texas Constitution?

> 2.  If the justice of the peace wins the election and takes the oath of office for city council member of the city of Follett, Texas, is such justice of the peace barred from holding his justice of the peace office by the dual office holding provisions of article XVI, section 40 of the Texas Constitution?

> 3.  Would holding both offices violate the separation of powers doctrine in article II, section 1 of the Texas Constitution?

Article XVI, section 65 of the Texas Constitution provides in part:

Sec. 65. Staggering Terms of Office -- The following officers elected at the General Election in November, 1954, and thereafter, shall serve for the full terms provided in this Constitution:

(a) District Clerks; (b) County Clerks; (c) County Judges; (d) Judges of County Courts at Law, County Criminal Courts, County Probate Courts and County Domestic Relations Courts; (e) County Treasurers; (f) Criminal District Attorneys; (g) County Surveyors; (h) Inspectors of Hides and Animals; (i) County Commissioners for Precincts Two and Four; (j) Justices of the Peace.

. . . .

Provided, however, if any of the officers named herein shall announce their candidacy, or shall in fact become a candidate, in any General, Special or Primary Election, for any office of profit or trust under the laws of this State or the United States other than the office then held, at any time when the unexpired term of the office then held shall exceed one (1) year, such announcement or such candidacy shall constitute an automatic resignation of the office then held, and the vacancy thereby created shall be filled pursuant to law in the same manner as other vacancies for such office are filled. (Emphasis added).

A justice of the peace is subject to this provision of the constitution. The issue to be addressed is whether the office of city council member is an "office of . . . trust under the laws of this State. . . ." It is not an office of profit, since you inform us that city council members are not compensated.

In Ramirez v. Flores, 505 S.W.2d 406 (Tex. Civ. App. - San Antonio 1973, writ ref'd n.r.e.), the court determined that a county commissioner who became a candidate for school trustee automatically resigned his office as a commissioner. The court stated that

[i]t is settled in Texas that a trustee of an independent school district holds an office of trust under the laws of this state. Kimbrough v. Barnett, 93 Tex. 301, 55 S.W. 120 (1900); Lee v. Leonard Independent School District, 24 S.W.2d 449 (Tex. Civ. App. - Texarkana 1930, writ ref'd).

505 S.W.2d at 409. The cases relied on in <u>Ramirez v. Flores</u> state that school trustees are public officers. <u>Kimbrough v. Barnett</u>, 55 S.W. 120 (Tex. 1900) relied on the following definition of "office":

> Public office is the right, authority, and duty created and conferred by law, by which, for a given period, either fixed by law, or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public.

55 S.W. at 122 (<u>quoting Mechem on Public Officers</u>, §1). The court then enumerated major powers of the school trustees as follows: (1) to adopt rules, regulations, and bylaws, (2) to select officers of the board, (3) to control and manage the schools, (4) to hold title to school property, (5) to sue and be sued, (6) to employ teachers and disburse the school fund. Finally, trustees exercise duties derived from the law itself, not set by contract, and the terms of office are fixed by statute. <u>Id.</u>

<u>Kimbrough v. Barnett</u> stated the definition of "officer" accepted in Texas law today. <u>See Green v. Stewart</u>, 516 S.W.2d 133 (Tex. 1974); Attorney General Opinion MW-415 (1981); <u>see also</u> Attorney General Opinion MW-418 (1981). The <u>Ramirez v. Flores</u> court used the <u>Kimbrough</u> test to determine what constitutes "an officer of trust" within article XVI, section 65. Thus, the individual who holds an office of trust

> is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public.

<u>Kimbrough v. Barnett</u>, <u>supra</u> at 122. <u>See also</u> Attorney General Opinions JM-132 (1984); H-767 (1976).

A member of the city council of a home rule city holds an "office under the state." <u>Willis v. Potts</u>, 377 S.W.2d 622, 625 (Tex. 1964) (construing article III, section 19). He engages in governmental activities and exercises a portion of the sovereign powers of the state in matters such as public health, traffic regulation, and keeping of the peace. <u>Willis v. Potts</u>, <u>supra</u>, at 624-25.

Members of the city council of a general law city also engage in governmental activities and exercise a position of the sovereign powers of the state. The city council may enact ordinances for the government, peace, and trade of the city. V.T.C.S. art. 1011. The city council has zoning power. V.T.C.S. arts. 1011a-1011j. It has various specific powers to make regulations concerning the public

health, public peace, control of the streets, taxation and licensing. V.T.C.S. arts. 1015, 1016. See also V.T.C.S. arts. 1140, 1145, 1146 (powers of board of aldermen of general law city incorporated under article 1133, V.T.C.S.). The city council also has authority to establish the powers and compensation of officers where these matters are not established by law. Members of the city council of a general law city are elected for a specific term and exercise powers conferred by law, not contract. V.T.C.S. arts. 978, 979; see also Tex. Const. art. XI, §11.

We conclude that a member of the city council of a general law city holds an "office of . . . trust under the laws of this state" within article XVI, section 65 of the Texas Constitution. In answer to your first question, the justice of the peace who announced his candidacy for city council member when he had more than one year remaining on his term automatically resigned his office as justice of the peace pursuant to article XVI, section 65 of the Texas Constitution. Ramirez v. Flores, supra; Attorney General Opinions JM-132 (1984); H-767 (1976); C-43 (1963). Since we have concluded that the individual in question no longer holds the office of justice of the peace, we need not consider whether the other provisions about which you inquire would bar him from holding both offices. Consequently, we will not answer your second and third questions.

## S U M M A R Y

A member of the city council of a general law city holds an "office . . . of trust under the laws of this State" within article XVI, section 65 of the Texas Constitution. If a justice of the peace becomes a candidate for the city council position when more than a year remains on his term, he automatically resigns his office as justice of the peace pursuant to article XVI, section 65.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General