OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

December 22, 2000

The Honorable Eugene D. Taylor
Williamson County Attorney
County Courthouse Annex, Second Floor
405 Martin Luther King, Box 3
Georgetown, Texas 78626

Opinion No. JC-0318

Re: Whether article XI, section 11 of the Texas Constitution requires a municipality to fill by special election a vacancy in its governing body arising from an automatic resignation (RQ-0286-JC)

Dear Mr. Taylor:

On behalf of the City of Georgetown (the "city"), a home-rule city that has extended the terms of its mayor and city council members from two to three years, you ask about the consequences of a council member's automatic resignation under article XI, section 11 of the Texas Constitution. Your primary question is whether the city must fill the vacancy by special election or whether the city council may appoint a person to fill the vacancy. If a special election is required, you also ask whether the city may wait until May 2001 to hold the election, given that it has already failed to hold an election within 120 days of the vacancy as required by article XI, section 11. We conclude that the city must hold an election to fill the vacancy and that it must do so before the council member's term expires in May 2001.

A brief attached to your request explains that the council member at issue was elected to a three year term in 1998. In March 1999, with more than a year remaining in his term, the council member filed to run for mayor. The council member was not elected mayor in the May 1999 election, and thereafter continued to serve on the council. The council member and city attorney recently became aware that the council member may have automatically resigned under article XI, section 11 of the Texas Constitution. "Questions have arisen with regard to the proper procedures and requirements which should be followed at this point since more [than] 120 days have elapsed since [the council member] announced his candidacy and there is less than one year remaining in his term."[1]

---

[1] Letter from Honorable Eugene D. Taylor, Williamson County Attorney, to Honorable John Cornyn, Texas Attorney General at 1 (Sept. 11, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

Article XI, section 11 of the Texas Constitution provides as follows:

> A Home Rule City may provide by charter or charter amendment, and a city, town or village operating under the general laws may provide by majority vote of the qualified voters voting at an election called for that purpose, for a longer term of office than two (2) years for its officers, either elective or appointive, or both, but not to exceed four (4) years; provided, however, that tenure under Civil Service shall not be affected hereby.

> Provided, however, if any of such officers, elective or appointive, shall announce their candidacy, or shall in fact become a candidate, in any general, special or primary election, for any office of profit or trust under the laws of this State or the United States other than the office then held, at any time when the unexpired term of the office then held shall exceed one (1) year, such announcement or such candidacy shall constitute an automatic resignation of the office then held, and the vacancy thereby created shall be filled pursuant to law in the same manner as other vacancies for such office are filled.

> A municipality so providing a term exceeding two (2) years but not exceeding four (4) years for any of its non-civil service officers must elect all of the members of its governing body by majority vote of the qualified voters in such municipality, and any vacancy or vacancies occurring on such governing body shall not be filled by appointment but must be filled by majority vote of the qualified voters at a special election called for such purpose within one hundred and twenty (120) days after such vacancy or vacancies occur.

TEX. CONST. art. XI, § 11.

First, because the council member at issue became a candidate for mayor, you ask whether the office of mayor is an office of profit or trust under article XI, section 11. *See* Request Letter, *supra* note 1, at 1-2. Article XI, section 11's automatic resignation provision applies to any city officer who holds a term in excess of two years who "announce[s] their candidacy, or . . . in fact become[s] a candidate, in any general, special or primary election, for *any office of profit or trust* under the laws of this State or the United States other than the office then held." TEX. CONST. art. XI, § 11 (emphasis added); *see also* Tex. Att'y Gen. Op. No. M-586 (1970) at 4 (Texas Constitution article XI, section 11 automatic resignation provision applies only to municipal officers whose term of office exceeds two years).

There are very few cases or attorney general opinions construing article XI, section 11. However, article XVI, section 65 contains almost identical language providing for the automatic resignation of certain county and district officers. *See* TEX. CONST. art. XVI, § 65 ("If any of the officers named herein shall announce their candidacy, or shall in fact become a candidate, in any General, Special or Primary Election, for any office of profit or trust under the laws of this State or the United States other than the office then held, at any time when the unexpired term of the office then held shall exceed one (1) year, such announcement or such candidacy shall constitute an automatic resignation of the office then held . . . ."). The automatic resignation provisions of article XI, section 11 and article XVI, section 65 were both adopted by the voters in 1958[2] for the same purpose – to ensure that officeholders serving terms that had been lengthened from two years would give their undivided attention to their offices without campaigning until their last year in office.[3] Thus, we construe article XI, section 11's automatic resignation provision according to case law and attorney general opinions construing article XVI, section 65.

As a general matter, for purposes of the automatic resignation provisions of article XI, section 11 and article XVI, section 65, the term "office of trust" is interchangeable with the term "office." *See* Tex. Att'y Gen. LO-96-107, at 2 ("office of trust" as used in Texas Constitution article XVI, section 65 is interchangeable with "office"). An individual who holds an office of trust "is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public." Tex. Att'y Gen. Op. No. JM-395 (1985) at 3 (relying upon definition of "office of trust" in *Kimbrough v. Barnett*, 55 S.W. 120 (Tex. 1900), and *Ramirez v. Flores*, 505 S.W.2d 406, 409 (Tex. Civ. App.–San Antonio 1973, writ ref'd n.r.e.)). No cases or attorney general opinions discuss the term "office of profit" as used in article XI, section 11 or article XVI, section 65. "Office of profit" appears elsewhere in the Texas Constitution. *See* TEX. CONST. art. III, §§ 18, 20; *id.* art. XVI, §§ 5, 12. Courts equate the term "office of profit" with the term "lucrative office," and have concluded that an office is lucrative if the officeholder receives any compensation, no matter how small. *See Dawkins v. Meyer*, 825 S.W.2d 444, 446-47 (Tex. 1992) (relying upon *Willis v. Potts*, 377 S.W.2d 622, 626-27 (Tex. 1964)). In other words, a person who holds an office of profit holds an office and receives some compensation for doing so.

The council member at issue became a candidate for the office of mayor of the City of Georgetown, a position that we conclude is an "office of profit" within the meaning of article XI, section 11. A home-rule city, like the City of Georgetown, "may adopt and operate under any form

---

[2]*See* Tex. H.J. Res. No. 31, 55th Leg., R.S., 1957 Tex. Gen. Laws 1641; Amendments to Constitution of Texas Adopted in 1958, 1959 Tex. Gen. Laws XXXV, XXXVIII; Tex. H.J. Res. No. 48, 55th Leg., R.S., 1957 Tex. Gen. Laws 1645; Amendments to Constitution of Texas Adopted in 1958, 1959 Tex. Gen. Laws XXXV, XXXVII.

[3]TEXAS LEGISLATIVE COUNCIL, INFORMATION CONCERNING CONSTITUTIONAL AMENDMENTS TO BE CONSIDERED NOVEMBER 4, *Amendment No. 4 – H.J.R. No. 31* (1958) (purpose of automatic resignation provision to further goal of 1954 amendment lengthening county and district terms from two to four years "to permit the office holder to give his undivided attention to his office, without the necessity of campaigning, for at least three years of his four-year term"); *see id. Amendment No. 5 – H.J.R. No. 48* (1958) (noting that municipal automatic resignation provision intended to prevent defect of 1954 amendment lengthening county and district terms).

of government, including the aldermanic or commission form," TEX. LOC. GOV'T CODE ANN. § 26.021 (Vernon 1999), and may create offices and prescribe the duties of office, *see id.* § 26.041. The Georgetown City Charter and Code of Ordinances provide that, while the mayor has no regular administrative duties, he or she is a member of the city council entitled to vote in case of a tie and has certain emergency powers, including the authority to summon a special police force and to close places of public assembly. *See* GEORGETOWN, TEX., CITY CHARTER §§ 2.01, .04, .06, .13; CODE OF ORDINANCES §§ 2.04.030 - .040. In addition, the mayor receives a salary of $250 a month. *See* GEORGETOWN, TEX., CODE OF ORDINANCES § 2.16.010. As we have seen, the term "office of profit or trust" is a broad term that embraces any office, paid or unpaid. The term has been specifically construed in attorney general opinions to include membership on both a home-rule or general-law city council. *See* Tex. Att'y Gen. Op. Nos. JM-553 (1986) at 2 (home-rule city council member holds an office of trust within meaning of Texas Constitution article XVI, section 65); JM-395 (1985) at 4 (general-law city council member holds an office of trust within meaning of Texas Constitution article XVI, section 65). Based on the Georgetown City Charter, it appears that the city's mayor "is invested with some portion of the sovereign functions of the government, to be exercised by him [or her] for the benefit of the public," including the authority to sit on the city council, to cast a vote in case of a tie, and to exercise certain powers in case of an emergency. *See* Tex. Att'y Gen. Op. No. JM-395 (1985) at 3 (relying upon definition of "office of trust" in *Kimbrough v. Barnett*, 55 S.W. 120 (Tex. 1900), and *Ramirez v. Flores*, 505 S.W.2d 406, 409 (Tex. Civ. App.–San Antonio 1973, writ ref'd n.r.e.)). Accordingly, we conclude that this paid office is an office of profit within the meaning of article XI, section 11. Therefore, by filing for that office with more than one year remaining in his term, the council member resigned.

Second, you ask about how a vacancy in office created by operation of article XI, section 11 should be filled. Again, the second paragraph of article XI, section 11 provides that when a municipal officer automatically resigns "the vacancy thereby created shall be filled pursuant to law in the same manner as other vacancies for such office are filled." TEX. CONST. art. XI, § 11. The third paragraph, however, requires that certain vacancies must be filled by a special election:

> A municipality so providing a term exceeding two (2) years but not exceeding four (4) years for any of its non-civil service officers must elect all of the members of its governing body by majority vote of the qualified voters in such municipality, and *any vacancy or vacancies occurring on such governing body shall not be filled by appointment but must be filled by majority vote of the qualified voters at a special election* called for such purpose within one hundred and twenty (120) days after such vacancy or vacancies occur.

*Id.* (emphasis added).

The Georgetown City Charter provides that vacancies in the city council shall be filled by a majority vote of the remaining members of the council for the unexpired term or until the next city

general election. *See* Request Letter, *supra* note 1, at 3; GEORGETOWN, TEX., CITY CHARTER § 2.03. You ask: "Should a municipal office be filled pursuant to law in the same manner as other vacancies for the office are filled, as stated in Paragraph 2 of Article [XI], or must a municipal office be filled in the manner set out in paragraph 3 of that section?" Request Letter, *supra* note 1, at 2. You ask in essence whether the vacancy caused by the council member's automatic resignation may be filled by the remaining members of the council pursuant to the City Charter or if the city must hold a special election.

We conclude that article XI, section 11 requires that any vacancy in a municipal governing body with terms exceeding two years must be filled by majority vote of the qualified voters at a special election and that a city may not fill such a vacancy by appointment, even if the vacancy is the result of an automatic resignation. While paragraph two of article XI, section 11 generally provides that vacancies in municipal offices arising from automatic resignation "shall be filled pursuant to law in the same manner as other vacancies for such office are filled," TEX. CONST. art. XI, § 11, paragraph three establishes special requirements for vacancies occurring on municipal governing bodies. Paragraph three provides that "*any* vacancy . . . occurring on [a municipal] governing body *shall not be filled by appointment but must be filled by majority vote of the qualified voters* at a special election." *Id.* (emphasis added). This special requirement for filling vacancies in municipal governing boards prevails over the more general language in paragraph two allowing for the filling of automatic-resignation vacancies "pursuant to law." *See id.* Furthermore, this constitutional requirement prevails over a provision in a home-rule city charter. *See* TEX. CONST. art. XI, § 5 (providing that no home-rule city charter shall contain any provision inconsistent with the Texas Constitution). Accordingly, we conclude that in a municipality with terms exceeding two years, a vacancy in the municipal governing body arising from an automatic resignation must be filled by majority vote of the qualified voters of the city at a special election.

Third, you ask whether a municipal officer who automatically resigns pursuant to article XI, section 11 may hold over as a "de jure" officer. Request Letter, *supra* note 1, at 3. The Attorney General has concluded that an officeholder who automatically resigns under article XVI, section 65 continues in office as a de jure officer by operation of the constitutional holdover provision, article XVI, section 17, until his or her successor is appointed and qualifies for office. *See* Tex. Att'y Gen. Op. No. DM-377 (1996) at 4. In that opinion, this office noted that the holdover provision does not generally apply in cases where an officer is disqualified to serve under another constitutional provision, but found the automatic resignation more akin to a generic resignation than a constitutional disqualification. *See id.* at 5. The opinion also gave great weight to the purpose of the holdover provision – the preservation of the orderly processes of government. *See id.* Applying those considerations here, we see no reason why a municipal officer who automatically resigns pursuant to article XI, section 11 would not also hold over pursuant to article XVI, section 17. Therefore, we conclude that the council member at issue holds over in office until his successor qualifies for office.

In your third question, you suggest that the city may avoid holding a special election to fill the vacancy by allowing the council member to serve as a holdover until May 2001 "where no public

policy would be served by calling a special election." Request Letter, *supra* note 1, at 3. In your fourth question, you ask about the proper date to hold the election to fill the vacancy, if one is required. *See id.* at 4. Because these issues are closely related, we address them together.

Again, article XI, section 11 requires that "any vacancy or vacancies occurring on such [municipal] governing body . . . must be filled by majority vote of the qualified voters at a special election called for such purpose within one hundred and twenty (120) days after such vacancy or vacancies occur." TEX. CONST. art. XI, § 11. Here 120 days has passed since the council member automatically resigned, and less than a year remains in the term. Therefore, you ask, in essence, whether the city may avoid holding a special election to fill the vacancy and allow the council member to continue in office as a holdover until May 2001. We conclude that the city may not avoid holding a special election to fill the vacancy.

Chapter 201 of the Election Code provides that if a vacancy in office is to be filled by special election, the election shall be ordered as soon as practicable after the vacancy occurs. *See* TEX. ELEC. CODE ANN. § 201.051 (Vernon 1986). "[A] special election to fill a vacancy shall be held on the first authorized uniform election date occurring on or after the 30th day after the date the election is ordered." *Id.* § 201.052(a). Section 41.001(a) of the Election Code provides for four uniform election dates, including the third Saturday in January and the first Saturday in May. *See id.* § 41.001 (Vernon Supp. 2000). In addition, section 41.0011 provides that an election may be held on an earlier nonuniform date if the Governor determines that an emergency warrants holding a special election before the appropriate uniform election date. *See id.* § 41.0011(a); *see also id.* § 41.0011(b) (political subdivision must seek permission from Governor), (c) (proclamation for emergency election must identify nature of the emergency). Thus, the city may hold an election on the third Saturday in January or, if that is not possible, some date prior to the first Saturday in May, provided the Governor determines that an emergency warrants holding an election on an earlier nonuniform date. *See* Op. Tex. Sec'y State No. DAD-23 (1982) (concluding that although city had not held election to fill a vacancy in city council within 120 days as required by Texas Constitution article XI, section 11, a city may hold an election to fill the vacancy at the next uniform date or on an earlier date if Governor declares an emergency exists).

We note that section 41.004(b) provides that "[i]f the constitution requires a special election to be held within a particular period after the occurrence of a certain event," the uniform date requirements of section 41.001(a) do not apply. *See* TEX. ELEC. CODE ANN. § 41.004(b) (Vernon 1986). This provision permits a city to hold an election on a nonuniform date in order to comply with the article XI, section 11 requirement that a special election be held to fill a vacancy in a municipal governing body within 120 days. *See* Op. Tex. Sec'y State No. MAM-1 (1984). However, this exception authorizes an election on a nonuniform date only when "the constitution requires a special election to be held *within a particular period* after the occurrence of a certain event." TEX. ELEC. CODE ANN. § 41.004(b) (emphasis added). We do not believe that this exception to the uniform election date requirement authorizes an election on a nonuniform date after the expiration of a constitutional deadline.

With respect to whether the city is required to hold a special election, we note that this office recently addressed whether a county commissioners court is required to make an appointment to fill a vacancy in office when an officer automatically resigns by operation of article XVI, section 65. *See* Tex. Att'y Gen. Op. No. JC-0140 (1999) (addressing commissioners court duty to fill vacancy in the office of a constable who had automatically resigned by announcing his candidacy for school district trustee more than one year before the expiration of his term). Attorney General Opinion JC-0140 concluded that a commissioners court has no enforceable duty to make an appointment to fill such a vacancy, *see id.* at 1-3, although it suggested that in some extraordinary circumstances there may be a basis for removing commissioners for their failure to fill a vacancy, *see id.* at 3-4. In concluding that a commissioners court has no enforceable duty to fill a vacancy, the opinion relied primarily upon the absence in both the constitution and laws of this state "of any specified consequences resulting from a commissioners court's failure to exercise its power of appointment." *Id.* at 2. The opinion also relied upon the fact that a commissioners court could not be mandamused to fill the vacancy because appointment of officials is not a ministerial act. *See id.* at 3.

Because the vacancy at issue here must be filled by an election, we believe Attorney General Opinion JC-0140 is distinguishable. Article XI, section 11 requires that "any vacancy or vacancies occurring on such governing body . . . must be filled by majority vote of the qualified voters at a special election called for such purpose within one hundred and twenty (120) days after such vacancy or vacancies occur." TEX. CONST. art. XI, § 11. The Election Code provides for a writ of mandamus "to compel the performance of any duty imposed by law in connection with the holding of an election . . . regardless of whether the person responsible for performing the duty is a public officer." TEX. ELEC. CODE ANN. § 273.061 (Vernon 1986). A writ of mandamus is appropriate to compel a public official to perform a ministerial act. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991). "An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." *Id.* Article XI, section 11 clearly spells out the duty to be performed by the official charged with ordering a municipal election to fill a vacancy with sufficient certainty that nothing is left to the exercise of discretion.

## S U M M A R Y

Article XI, section 11 of the Texas Constitution requires a city that has extended the terms of its city council members from two to three years to fill a vacancy resulting from a council member's automatic resignation by holding a special election within 120 days. Such a vacancy may not be filled by appointment. A city council member who automatically resigns holds over in office. A city that fails to hold a special election within 120 days after the date of the automatic resignation as required by article XI, section 11 may not avoid holding a special election until the holdover's term expires.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee