June 29, 2004

The Honorable Richard J. Miller
Bell County Attorney
Post Office Box 1127
Belton, Texas 76513

Opinion No. GA-0210

Re: Whether under article XVI, section 65 of the Texas Constitution a justice of the peace announced his candidacy for another office on December 31 by informing a newspaper reporter that he would be a candidate for another office   (RQ-0162-GA)

Dear Mr. Miller:

You ask whether under article XVI, section 65 of the Texas Constitution a particular justice of the peace announced his candidacy for another office on December 31 by informing a newspaper reporter that he would be a candidate for another office.[1]

Your query is limited to a very specific fact situation. You explain that a justice of the peace in your county, whose term was to expire on December 31, 2004, conferred privately with a newspaper reporter on December 31, 2003. *See* Request Letter, *supra* note 1, at 1. He affirmatively stated to the reporter that he intended to run for the office of county commissioner in the March 2004 primary. *See id.* The next day, January 1, 2004, the reporter's story on the justice of the peace's candidacy appeared in the newspaper. *See id.* You do not provide us with any information about other statements the justice of the peace may have made about his plans to run for county commissioner before January 1, 2004. Our analysis is limited to the effect of the conversation with the reporter.

Under article XVI, section 65(b) of the Texas Constitution, justices of the peace and other local office holders, *see* TEX. CONST. art. XVI, § 65(a), who run for another office in certain circumstances automatically resign their current office:

> If any of the officers named [in section (a)] shall announce their candidacy, or shall in fact become a candidate, in any General, Special or Primary Election, for any office of profit or trust under the laws of this State or the United States other than the office then held,

---

[1]*See* Letter from Honorable Richard J. Miller, Bell County Attorney, to Honorable Greg Abbott, Texas Attorney General (Jan. 7, 2004) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

at any time when the unexpired term of the office then held shall exceed one (1) year, such announcement or such candidacy shall constitute an automatic resignation of the office then held, and the vacancy thereby created shall be filled pursuant to law in the same manner as other vacancies for such office are filled.

*Id.* art. XVI, § 65(b). Automatic resignation occurs only if the office holder announces the candidacy or in fact becomes a candidate for another office "when the unexpired term of the office then held shall exceed one (1) year." *Id.* You wish to know whether the justice of the peace announced his candidacy by speaking with the reporter on December 31, 2003, in which case he automatically resigned because his remaining term as justice of the peace on that date exceeded one year. *See* Request Letter, *supra* note 1, at 1. On January 1, 2004, when the newspaper published the reporter's story, the justice of the peace's remaining term did not exceed one year.

Under article XVI, section 65, automatic resignation is triggered in either of two ways — announcing one's candidacy or in fact becoming a candidate. An officer "in fact become[s] a candidate" by formally applying for a place on the ballot. *See Ramirez v. Flores*, 505 S.W.2d 406, 409-11 (Tex. Civ. App.–San Antonio 1974, writ ref'd n.r.e.); Tex. Att'y Gen. Op. No. JC-0249 (2000) at 3. Prior attorney general opinions have concluded that an officer announces a candidacy for office by making a written or oral statement "[i]f a reasonable person may conclude from the statement that the individual intends, without qualification, to run for the office in question." Tex. Att'y Gen. Op. No. JC-0249 (2000) at 2 (citing Tex. Att'y Gen. LO-95-071, at 2). A person who has merely stated that he or she will "seriously consider running" for an office if the incumbent resigns has not announced a candidacy. *See id.* By contrast, a person who states without qualification that he or she will run for a particular office has announced a candidacy for purposes of these provisions. *See id.*; *see also* Tex. Att'y Gen. Op. Nos. DM-377 (1996), WW-1253 (1962). These attorney general opinions also suggest that an announcement is a statement that the office holder makes in a public setting or a statement that is otherwise available to the public. *See, e.g.*, Tex. Att'y Gen. Op. Nos. DM-377 (1996) (county court at law judge's statement at a commissioners court meeting that he was "at that moment" a candidate for a judgeship constituted an announcement for purposes of article XVI, section 65); WW-1253 (1962) (newspaper publication of justice of the peace's press release stating that he would be a candidate for another office constituted an announcement for purposes of article XVI, section 65).

Here, there is no doubt that the justice of the peace stated with certainty to the reporter that he would be a candidate for county commissioner. *See* Request Letter, *supra* note 1, at 1. The question is whether the conversation constituted an announcement for purposes of the resign to run provision. We are not aware of any judicial or attorney general opinion addressing whether an office holder's statement made privately to a reporter constitutes an announcement under article XVI, section 65. However, prior opinions of the office indicate that an announcement must be both certain and *public* to trigger automatic resignation. *See* Tex. Att'y Gen. Op. Nos. DM-377 (1996), WW-1253 (1962). This is consistent with the common understanding of the word "announce" to mean "to make known publicly." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 87 (9th ed. 1990); *see also Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000) ("Presuming

that the language of the Texas Constitution is carefully selected, we construe its words as they are generally understood."). It is also consistent with the rule that constitutional and statutory provisions relating to eligibility for office must be strictly construed against ineligibility. *See Wentworth v. Meyer*, 839 S.W.2d 766, 767 (Tex. 1992) ("Any constitutional or statutory provision which restricts the right to hold office must be strictly construed against ineligibility.") (citing *Brown v. Meyer*, 787 S.W.2d 42 (Tex. 1990)). In certain cases, an officer holder's statement to a newspaper reporter could constitute or result in an announcement that is public as of the day of the statement. Based on the facts you have relayed, however, it appears that the justice of the peace's conversation with the reporter was private and did not result in any publication of information about the justice of the peace's plans on December 31. A finder of fact could reasonably conclude on this basis that the justice of the peace's December 31 conversation with the reporter did not constitute an announcement of the justice of the peace's candidacy for county commissioner. This office has no basis for concluding as a matter of law that the justice of the peace automatically resigned under article XVI, section 65.

## S U M M A R Y

A justice of the peace did not automatically resign under article XVI, section 65 of the Texas Constitution merely by informing a newspaper reporter on December 31 that he was running for another office. Assuming that the private conversation did not result in any publication of the information on December 31, a finder of fact could reasonably conclude that there was no announcement on December 31.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee